ADAIR et al. v. WRIGHT.

I. Per CURIAM:.

1. RECEIVER: FORECLOSURE OF MORTGAGE. The appointment of a receiver to take charge of mortgaged property after a final decree in foreclosure, is unusual, and, if allowable, should be supported by a strong showing of facts.

2. SAME. Where the evidence showed that the mortgaged property was not going to waste or in need of repairs, but that it was in a comparatively good state of preservation, it was held that the order appointing a receiver, should be vacated.

II. Per LOWE, J.; COLE, J., concurring:.

1. APPOINTMENT OF A RECEIVER: SOLDIERS' CONTINUANCE ACT. When the defendant in a foreclosure proceeding is in the military service of the United States, an order appointing a receiver to take charge of the mortgaged property, violates the spirit and intendment of the act approved April 7th, 1862, exempting the property of volunteers, from sale under deeds of trust, mortgages or judgments.

*Appeal from Clayton District Court.*

TUESDAY, JUNE 14.

AT the January Term, 1861, of the District Court of said county the plaintiffs obtained a judgment of foreclosure against the defendant for $5,049.69. In April thereafter the defendant appealed the same to this Court, executing a supersedeas bond with approved security in the penalty of $11,000. At the December Term, 1862, of this Court,

the judgment aforesaid was affirmed. About this time, the defendant entered the military service of the United States, where he still remains in active duty.

At the September Term, 1863, of the Clayton County District Court, the plaintiffs applied for and obtained the appointment of a receiver to take charge of the mortgaged premises, upon the ground that it was mill property going to waste, the defendant was insolvent, and the taxes were unpaid. At the January Term, 1864, of said Court, a motion by the defendant's counsel, upon ten days' notice, was made to vacate the order appointing the receiver aforesaid, supported by affidavits, to the effect that the defendant was still in the actual military service of the United States, that the mortgaged premises had suffered no waste, but was in a good state of preservation, and that the order appointing the receiver was made without notice to the defendant. The overruling of this motion against the exceptions of the defendant, is the matter now assigned for error.

*Conklin* and *McCartney* for the appellant.

I. The defendant had no notice of the motion for the appointment of a receiver. After judgment the party is not required to take notice of subsequent proceedings. Rev., 1860, §§ 3428–3430; *Wright* v. *LeClaire*, 3 Iowa, 221, 240, and the cases there cited.

II. The showing made for the appointment of a receiver did not justify the order. Wil. Eq., 138, 369; 4 Kent (9th ed.), 180; *Quincy* v. *Cheeseman*, 4 Sand. Ch., 405; *Post* v. *Dorr*, 5 Ed. Ch., 412; 1 Barb. Ch. Pr., 660, and cases cited.

III. At the time of the appointment of the receiver, the defendant was and still is in the military service of the United States, and no step could be taken to divest him of the control of his property. Laws 1862, chaps. 109, 113.

*J. O. Crosby* for appellee.

Lowe, J.—The order appointing a receiver, under the circumstances stated, was made without notice to the defendant. Nevertheless, with or without notice, the motion to vacate the same should have prevailed.

First, because after final judgment of foreclosure, the appointment of a receiver to take charge of the mortgage premises is, to say the least, as unusual as it is believed to be without precedent; and if allowable, the application should be supported by a strong showing, which we think was not done in this case, yet whatever weight or consideration it was entitled to, it was overcome by the superior showing of the defendant, who, by three disinterested and experienced millers, proved that the property was not going to waste or needed repairs, but on the other hand was comparatively in a good state of preservation. This, coupled with the fact that the plaintiffs had approved security for their whole debt on their appeal bond, should have led at once to a vacation of the appointment.

But there is still another reason why the motion to vacate should have prevailed, in the judgment of the writer of this opinion. The order appointing a receiver, under the circumstances, violates the spirit and intendment of an act of the Legislature, approved April 7th, 1862, passed for the relief of volunteers, and exempting their property from sale, or levy under or by virtue of any deed of trust or mortgage of any description whatever, or under or by virtue of any execution or order of sale issued on or by virtue of any judgment or decree rendered or hereafter to be rendered by any of the courts of this State. Now the plaintiffs had their judgment, why did they not, instead of having a receiver appointed, sue out their execution and sell the mortgage property? Simply because the defendant, being in the actual military service of the country, they were not permitted to do so under the above enact-

ment, which was intended to secure to the volunteer and his family (if he had one) the use and enjoyment of their property during the war and two months thereafter.

In this case the receiver was directed to take the custody of the property, and all the rents and profits thereof from the possession of the defendant to make repairs, pay taxes, &c., such an interference with the property of the defendant affects his rights no less injuriously than a sale under execution, and is manifestly an infraction of the spirit and object of this relief statute, and as such, should not be permitted.   The action of the Court, therefore, will be reversed, and a final order made in this Court, discharging the receiver, and directing him to restore the property, rents and profits to the defendant.

Reversed.