## CALLANAN & INGHAM v. SHAW *et al.*

1. **Appeal: RECEIVER.** An appeal may be taken from an order appointing or refusing to appoint a receiver.

2. **Receiver: HOMESTEAD.** *query.* Whether in any case a receiver should be appointed to take possession and charge of a mortgagor's homestead, pending proceedings to foreclose ?

3. —— **MORTGAGE.** A receiver will not be appointed on the application of a mortgagee to take possession of the mortgaged premises, where it does not clearly appear that the whole mortgaged premises are insufficient in value to pay the debt, or that the court should take control of the estate to protect the rights of a party who has a clear, strong claim against it.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 28.

PENDING a proceeding to foreclose a mortgage upon defendant's homestead, plaintiffs moved an appointment of a receiver, to take charge of the property, collect the rents, and apply the same to the discharge of the incumbrances, including taxes. The motion was overruled and plaintiffs appeal.

*J. Callanan, Jr.*, *pro se.* and *E. J. Ingersoll* for the appellants.

*C. C. Nourse* for the appellee.

WRIGHT, Ch. J. — We do not agree with appellee's counsel, that under our law a party cannot appeal from an order appointing or refusing to appoint a receiver. This right is fairly recognized and given by §§ 2631 and 3495 of the Revision. Such an appeal was considered in *Adair* v. *Wright*, 16 Iowa, 385. It is true this objection was not made, but we entertained neither then nor now any doubt as to the right of appeal.

<span style="font-variant: small-caps;">1. APPEAL: receiver.</span>

Few orders or decisions could be made more directly or materially affecting a party's rights, than such an appointment, in many cases that might readily be supposed. Take the present one as an example; suppose the motion had been sustained, and defendants required and compelled to yield possession of their homestead, the plausibility if not the overwhelming force of the reasoning sustaining the power of the appellate court would be, we imagine, readily conceded, and if the court refuses to appoint under a proper case made, the injury may be equally great, and the right to have such erroneous action reversed, is equally clear.

We are to inquire then whether the court below erred in refusing to make the appointment.

According to plaintiff's claim, there is due and unpaid on their mortgages about $3,800 or $3,900, and taxes paid for the redemption of the property, say $800 to $900. It is also averred that the mortgagor is insolvent, that he is without other property; that the mortgaged premises are inadequate security, and that they are going to waste, &c. Defendants deny an indebtedness beyond some $1,800, deny the waste, aver the value of the premises to be $8,000, by not denying, admit the insolvency, and aver that the premises are and were, before the mortgages were given or debts contracted, used as a homestead. It is claimed that there are other liens and incumbrances vastly greater than the whole value of the property, but of this there is no evidence in the record. We may also state that defendants' plea of usury is denied, and also by an averment, that as to one of the mortgages, the plaintiff bought the same upon the assurance of defendants that it was all right, that there was no defense, and that it would be paid when due. This in turn is denied by defendants. Each party made oath to their statements, in support and in opposition to the motion for the receiver.

Heavy doubts (to say no more) are entertained by at least one member of the court, whether in any case a 2. RE-CEIVER: homestead. receiver should be appointed to take possession and charge of a mortgagor's homestead, pending proceedings to foreclose a mortgage. The argument, in brief, is that until the amount of the incumbrance is settled and adjudicated by the court, the validity thereof recognized, and a sale made, the family cannot be disturbed in their possession; that though it may be mortgaged and the premises alone may be finally liable to meet the debt, still the rents, the use, the enjoyment cannot be thus appropriated against the will of the mortgagors. The question is an interesting and important one, not free from difficulty, and as this case must be decided by three members of the court, we defer its decision until we can have the benefit of a full conference, and in a case when its decision becomes necessary.

If a receiver would be appointed in a case where the indebtedness was indisputably equal if not greater than 3. —— mortgage. the mortgaged premises, we unite in the opinion that such an application may be properly refused, as to the homestead, where this matter is left in the doubt and uncertainty found in this record. The parties differ some $3,000 as to the amount of the indebtedness and $4,000 in the value of the security. If defendants are right in either estimate, then it is perfectly clear that they should not upon any theory be disturbed in their possession. If plaintiffs are right the necessity is by no means clearly manifest.

The principle derived from the cases, which, by analogy, is applicable here, is this: 'Formerly the mortgagee held the legal title, and was entitled to possession. Under our law this rule is changed, and the mortgagor has or is entitled to both; and this is emphatically so as to the homestead. Now the rule has been, from an early date,

at common law, as between the mortgagor and mortgagee, that if the mortgagee says by his answer (in a bill to redeem) that anything is due him, the court will not disturb the possession ; will not, upon the application for the appointment of a receiver, settle and ascertain the accounts between them. ( *Quarrell* v. *Beckford*, 13 Ves., 377 ; *Codrington* v. *Parker*, 16 Id., 469 ; *Besney* v. *Sewell*, 2 J. & W., 629 ; *Rowe* v. *Wood*, 2 J. & W., 553.) And, says Mr. Edwards (Receivers, 44), where anything is due to a mortgagor in possession, he will not be deprived of such possession by an appointment of a receiver. In this State, the mortgagor being in possession, this possession, under the legal estate, should not be disturbed by the appointment of a receiver, unless, indeed, in cases of fraud clearly proved, or of danger to a mortgagee (having a strong claim), if the intermediate estate or possession should not be brought under the care of the court. In any case the receiver is appointed against the holder of the legal title with reluctance. *Lloyd* v. *Parringham*, 19 Ves., 59 ; *Smith* v. *Smith*, 2 Y. & C., 351 ; *Knight* v. *Duplessis*, 2 Ves., 360 ; *Toldeny* v. *Colt*, 1 Y. & C., 621. We do not say, by any means, that the court will not appoint as against a mortgagor under an ordinary mortgage, where the whole mortgaged premises are not of sufficient value to pay the debt. We only say that it will not be done unless it clearly appears that the court should take charge of the estate to protect the rights of a party having a clear, strong claim against it. Such a case is not now before us.

Affirmed.

COLE, J., having been of counsel, took no part in the consideration of this case.