RICHARDS v. BURDEN *et ux.*

1. **Appeal:** FROM INTERMEDIATE RULINGS. An appeal to the supreme court does not lie from a ruling of the court below upon the admission or exclusion of evidence. The ruling or order appealed from must extend to and affect the merits of the case; if it be merely incidental to the progress or trial of the cause, no appeal will lie.

2. **Evidence:** HUSBAND AND WIFE. In an action in which the husband and wife are joined as defendants, but in respect to which she is interested in her own right, though her and her husband's interests are in a measure connected, it *seems* that the wife is a competent witness for the plaintiff, and may be compelled to testify against the objection of her husband.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 19.

ACTION in chancery. Defendant Eliza is the wife of George Burden, another defendant. The petition sets out a cause of action against both, and shows that Eliza has an interest in the matter in litigation in her own right, claiming independent and distinct relief against her by the way of an adjustment of an unsettled account and the conveyance of real property. A separate cause of action is exhibited against the husband, and relief asked thereon, by the settlement and dissolution of a partnership, of which he and plaintiff are copartners, and the distribution of the firm property. The causes of action against the husband and wife are of such a character, and have such relations, that they are properly joined in this action.

The cause was referred for the taking of proofs and report upon the issues. Upon the hearing before the referee the plaintiff called, and proposed to examine as a witness, the wife Eliza, whereupon the defendant, her husband, objected to her examination, and she refused to be examined on the part of plaintiff. Thereupon the plaintiff refused to proceed in the introduction of evidence unless she was sworn and examined. The referee reported the question of law, with the facts thus brought before him, for the determination of the court. After argument of counsel for the parties the court decided that the wife was not a competent witness for plaintiff against the objection of her husband, and ordered that the examination of witnesses proceed before the referee without her evidence, the plaintiff being forbidden to examine her as a witness. To this ruling exceptions were taken by plaintiff and he appeals therefrom.

*Griffith & Knight* for the appellant.

*Adams & Robinson* and *Crane & Rood* for the appellees.

BECK, J. — A motion is interposed by the defendants to dismiss the appeal on the ground that there has been no

1. APPEAL: from intermediate rulings.

decision in the cause from which an appeal may be taken.

The following sections of the Revision providing for appeals to this court are the only statutory provisions applicable to the question thus presented. " Section 2631. The supreme court · has appellate jurisdiction over all judgments and decisions of any of the district courts, as well in case of civil actions properly so called as in proceedings of a special or independent character."

" Section 2632. An appeal may also be taken to the supreme court from the following orders:

1. An order made affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken; 4. An intermediate order involving the merits and materially affecting the final decision."

"Section 2634. The court may also, in its discretion, prescribe rules for allowing appeals on such other intermediate orders or decisions as they think expedient, and for permitting the same to be taken and tried during the progress of the trial in the court below; but such intermediate appeals must not retard proceedings in the trial in chief in the district court." No rules of this court provide for the taking of appeals contemplated by the last section quoted.

A fair construction of the foregoing statutory provisions constrains us to hold that the appeal in this case must be dismissed. The language of the section first above quoted will not warrant the conclusion that appeals from all orders and decisions of the inferior courts are authorized. There are, in the progress of a cause, an infinite number of questions relating to its conduct, as well as to the law, that may arise. These may all, in a degree, affect the rights of the parties, yet are not of such a nature that their decision necessarily determines the final decision of the issues of law or fact involved. Questions of practice, and those relating to the admission or exclusion of evidence, are peculiarly within this description. Evidence may be improperly admitted or excluded in the trial of a cause, but it does not follow that the final decision will be adverse to the party against whom the intermediate ruling is made. In such a case, while the ruling would be erroneous, yet, if the final decision is favorable to the party against whom the ruling is held, it would be error without prejudice, and would not be the subject of review in this court. In our opinion, the language of the section now under consideration contemplates such judgments or orders as settle or

determine the rights of the parties to the relief or remedy asked, or to a substantial right as to the cause of proceeding, whereby the cause is determined, or is tried in a manner not authorized by law. The order appealed from must extend to and affect the *merits* of the cause. If the merits may not be reached by or involved in the decision there can be no appeal therefrom. But this conclusion, which we think is fully warranted by section 2631, is rendered inevitable by the other sections above quoted, especially clause 4 of section 2632, and section 2634. The first of these provisions requires that the order appealed from must involve the merits of the action and materially affect the final decision. In the second, it appears that the legislature, understanding the provisions above quoted, as we have expressed their meaning, authorized this court to permit, by proper rules, appeals from intermediate orders to be taken during the progress of the trial in the court below. Under this provision, appeals of the character of the one before us may be authorized by rules of this court. But, as no such rules exist, the provision itself has not that effect.

There exists a controlling necessity for the rule we here announce. Were appeals permitted from orders of the kind complained of, the limit upon their frequency in the same case would only be determined by the number of intermediate questions upon practice and the introduction of evidence which may arise in the progress of a trial. And all of such appeals might be without benefit to the party taking them, for, notwithstanding the decisions against him upon the intermediate questions, the final judgment might be in his favor. The rule, as contended for by appellant, would bring into this court, practically, all the business of the inferior courts. The delays caused, both by the accumulation of business here, and impediments growing out of such a practice, to the business of the inferior courts, would result in greatly hindering the

administration of justice. These views are supported by the following authorities: *Buel* v. *Street et al.*, 9 Johns. 443; *Williamson, assignee, etc.,* v. *Hyer, administrator, etc.,* 4 Wend. 171; *Rowley* v. *Van Benthuysen,* 16 id. 369; *Marvin* v. *Seymour et al.*, 1 Comst. 535.

The question has not been heretofore determined by this court. In *McCoy* v. *Julien,* 15 Iowa, 372, 375, it is held, in the language of the opinion, "that when there has been a decision by the court upon the admissibility of evidence, by which ruling the *whole* cause, as in this case, has been virtually disposed of and this ruling properly excepted to, the party against whom such ruling is made can appeal therefrom without a motion for a new trial based upon the ground that such ruling was incorrect." This is the very point decided in that case. A remark of the court in the discussion of the question is to the effect that an appeal will lie from a decision upon the admissibility of evidence without any such qualification as is given in the quotation above. But it must be taken in connection with the other parts of the opinion, and will then be understood as qualified by the language used in stating the point ruled.

In *Callanan* v. *Ingham, Shaw et al.*, 19 Iowa, 183, it is held that an appeal will lie from an order refusing to appoint a receiver.

So in *The State* v. *Orwig*, 25 Iowa, 280, an appeal was entertained from an order refusing a jury trial and ordering a reference of a cause. And *In the matter of Pierson's Exr.*, 13 id. 449, it is held that an appeal may be taken from an order discharging a rule, requiring a county judge to show cause why an appeal was not allowed from his decision removing an executor. In some other cases appeals from decisions of like character were entertained. But it will be observed that these cases are not within the rule we herein recognize.

In each, the decision appealed from affected or determined the substantial rights of the parties to the remedy

or relief sought, or their rights to proceedings secured by the law to enforce such remedy or relief. The decision in the case under consideration does not affect the merits of the case nor any such rights of the appellant. The appeal, in our opinion, cannot be entertained.

It is proper to remark that the question may be presented to us upon an appeal after the final disposition of the case, if it be adverse to plaintiff, and determined in this court as other intermediate orders. If the ruling is then found to be erroneous, the cause will be reversed and remanded, with directions that Mrs. Burden be examined as a witness. It will be understood that our ruling now made will not preclude the plaintiff from renewing, upon an appeal which we can entertain, his objection to the order of the district court.

It is also proper for us, under the peculiar circumstances of the case, to announce that, as at present advised, and we 2. EVIDENCE: have carefully considered the arguments of husband and wife. counsel upon the question, we are of the opinion that the order of the court in sustaining the objection to the wife's evidence is clearly erroneous. She is required to give evidence in a suit whenever she is interested in her own right; the issues upon which she is required to testify affect her personally and not as a wife. The fact that her interests in the action are connected with those of the husband does not give him the right to object to her examination. If this be so she may object to the examination of her husband, and the plaintiff thus would be deprived of the evidence of both. The argument against the right of plaintiff to examine the wife is completely answered by the consideration of the fact that she is called to testify in her own case as to matters affecting her own interests and property. She is not called upon as contemplated by Revision, section 3983, to be a witness against her husband, but against herself. The spirit of the

statute forbids the interpretation put upon it by defendants.

Appeal dismissed.