C. N. Ferguson, Appellee, v. Margaret Cannon, Appellant.

No. 41376.

June 24, 1932.

Frank Messer, for appellee.

E. A. Baldwin and Putnam, Putnam & Forrest, for appellant.

Evans, J.—The grounds of negligence set forth in the petition are as follows:

"1. In operating said automobile at such a rate of speed up to and within such a distance of plaintiff's automobile as to

be unable to control or stop same before striking plaintiff's automobile;

"2. In failing to have and keep said automobile under control;

"3. In failing to allow plaintiff the right-of-way as was required;

"4. In failing to keep a proper lookout for others in use of the highway and to recognize their rights therein;

"5. In failing to operate and manage said automobile in a careful and prudent manner and so as not to endanger the lives and safety of others and their property;

"6. In operating said automobile in violation of Code of 1927, Section 5028, as amended by Chapter 128 of the Acts of the 43d General Assembly;

"7. In failing to exercise that degree of care required of her in the operation, management and control of said automobile at the time and place and under the circumstances then existing;

"8. In failing to stop said automobile and thereby prevent the striking of plaintiff's automobile, although the said defendant saw, or should have seen, the plaintiff's automobile being operated upon and across the said intersection."

The sufficiency of numbers 1, 2, 3, 4, and 8 is not challenged. Appellant's motion was directed against numbers 5, 6, and 7. The objection raised thereto is that they are not specifications at all and that they indicate no particular act upon which a charge of negligence may be predicated. The first question confronting us is whether the order of the trial court overruling the motion is necessarily prejudicial to the appellant, and whether it is of such nature and effect as to be appealable within the provisions of the statute. In the recent case of Dorman v. Credit Reference & Reporting Company, 213 Iowa 1016, we stated the test of the appealability of such an order as follows:

"The test by which the right of appeal from an intermediate order is to be determined is: Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment?"

The question herein is therefore whether the ruling of the trial court deprives the appellant of some right which can not

be protected by appeal from judgment. For the purpose of this appeal we shall assume the inadequacy of the allegations assailed, as specifications of negligence. We had under consideration similar allegations in Cooley v. Killingsworth, 209 Iowa 646. We there held that such allegations were virtually nugatory; that the court could not over the objection of the defendant properly submit them to the jury as issues to be tried; and that evidence in purported support thereof was not admissible over the objections of the defendant. We held substantially to the same effect in Ryan v. Trenkle, 199 Iowa 636, and Faatz v. Sullivan, 199 Iowa 875.

Applying the doctrine of those cases herein, how has the appellant been materially affected by the adverse ruling of the court on her motion for more specific statement? Notwithstanding such ruling, she may yet, by proper objection to evidence, and even by motion to strike, fully protect herself against any prejudice. It is true that, if her motion had been sustained, and if the plaintiff had failed to amend, she could have moved to strike that part of plaintiff's pleading for want of compliance. But she has even now that same right, notwithstanding the adverse ruling of the court. In order to avail herself of that right she had no need to file a motion for more specific statement.

The appellant relies on Pixler v. Clemens, 195 Iowa 529, as holding that under such a general allegation evidence was admissible in support thereof. The argument therefore is that she is menaced by these general allegations in that she may be taken by surprise by evidence on the trial. What the cited case holds is that the evidence complained of on appeal therein was admitted without any objection on the part of the appellant; nor was there any attack upon the adequacy of the allegation. The appellant therein, therefore, had no ground of complaint. We hold that the appellant has not been deprived of any substantial right by the ruling complained of.

The appeal is accordingly—Dismissed.

All the justices concur.