U. S. SCOTT, Trustee, Appellee, v. HUGH F. SEABURY, Appellant.

No. 42095.

October 17, 1933.

J. A. Williams, W. R. Fimmen, and Buell McCash, for appellant.

T. A. Goodson and Heinrich C. Taylor, for appellee.

Anderson, J.—The plaintiff-appellee is the guardian-trustee of the property of one Bell Seabury, and on the 25th of June, 1932, he filed this cause in equity alleging his appointment and qualification as trustee-guardian, and that Bell Seabury, who was past 76 years of age, is the owner of a note of $6,000 secured by a mortgage upon real estate; that on June 10, 1932, the said Bell Seabury was requested, persuaded, and prevailed upon by the defendant, Hugh F. Seabury, to execute an assignment of the said note and mortgage to him; that there was no consideration for the execution of such assignment, and that Bell Seabury was too weak physically and mentally, as a result of age, sickness, worry, and grieving, to comprehend the nature and effect of her act in so executing said assignment; that she was prevailed upon by the defendant to execute the instrument without an opportunity to fully consider the matter,

without legal advice, and without an opportunity to confer with relatives or persons capable of advising her in said matter; that she did not understand the nature and effect of her act; that it was represented to her that such assignment would be for her best interests, which representation was not true; and that the said assignment was procured by the defendant through fraud, duress, breach of trust, and misrepresentation, and without adequate consideration. A writ of injunction was asked against the defendant restraining and enjoining him from selling, transferring, incumbering, or hypothecating the said note and mortgage.

In September, 1932, following the filing of the foregoing petition, the defendant filed what he designated a motion for a rule, to require the production of Bell Seabury for examination as to her mental state, by a commission of alienists appointed by the court, and as grounds therefor set out some alleged facts and history in regard to the relations between different members of the Seabury family, which are not material to any present right of the defendant, and alleged that a certain member of the family was the instigator of the present action and was making it impossible for the defendant to ascertain for a certainty the facts concerning the mental condition of Bell Seabury, and without such facts the defendant cannot prepare his defense.

This motion was submitted to the court, Hon. Elmer K. Daugherty, presiding, in February, 1933, and was by the court overruled and denied.

On the 4th of April, 1933, the defendant filed answer to the plaintiff's petition, generally denying the material allegations thereof, and alleging that he is the owner of the note and mortgage in question, and that Bell Seabury had parted with all ownership in and to the same.

On the same day the defendant filed a renewal of his application for the rule heretofore mentioned. The original motion, or application for the rule, as well as the renewal thereof, was resisted in writing by the plaintiff on the grounds that the court was without authority to make or impose such rule; that no sufficient basis for the rule is set forth; that the matters alleged in defendant's motion are not material or germane to any issue to be tried in said cause; that the application does not allege any evidence or material facts which defendant seeks to have produced, and which are material to his defense; that the issuance of the rule will only enable

defendant to engage in a fishing expedition and inquire into matters not germane to the issues in the cause; that Bell Seabury is not a party to the action.

The renewal of defendant's application was submitted to the court, Hon. R. W. Smith presiding, and was denied and overruled. From this ruling the defendant has appealed. ·

The defendant contends that the rulings on his motion for rule go directly to the cause of action and involve the merits of the controversy, and deprive the defendant of the right of discovery essential to his defense.

We think there was no error in denying and overruling defendant's motion for the rule, but as the case will be disposed of upon another theory, it is not necessary for us to enter into a discussion of this question.

If the defendant has any right to prosecute an appeal from the interlocutory order in question, it is by reason of some of the provisions of section 12823 of the 1931 Code. This section provides that an appeal may be taken to the Supreme Court from:

"1. An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken. * * *

"3. An order which grants or refuses, continues or modifies, a provisional remedy. * *. *

"4. An intermediate order involving the merits or materially affecting the final decision."

We can discover no authority in any of the quoted statutory provisions permitting an appeal from the order in question in the case at bar. The order certainly does not "determine the action or prevent a final judgment from which an appeal may be taken", and is not within the first division of the section quoted. Neither does it grant or refuse a "provisional remedy" as provided in subdivision 3 of the section; and neither does it come within the provisions of subdivision 4, "involving the merits or materially affecting the final decision."

The gist of the action is not the mental capacity of Bell Seabury, but as to whether or not the instrument of assignment was obtained from her through fraud, misrepresentation, duress, in bad faith, and without consideration. Her mental condition at the time of the execution of the assignment may be a material issue of fact

upon the trial of the case. Her attendance at the trial can be compelled by a subpoena, or she can be forced to give a deposition. Either of these avenues are open to the defendant on the trial of the case; and a subpoena is the proper and legal way to bring a witness into court, rather than a rule of court compelling the attendance. There is no rule of law requiring a party to submit his evidence for inspection of his antagonist upon the mere allegation that after the antagonist knows the evidence he may produce evidence to explain or controvert it. McManus v. Mullin (Iowa), 165 N. W. 58. It has been repeatedly held by this and other courts that courts will not, by a rule, require the production of evidence merely to afford an opportunity for a fishing excursion. Grand Lodge, A. O. U. W. v. District Court, 150 Iowa 398, 130 N. W. 117.

We have held that the right of an individual to personal security and the exemption of his person or personal affairs from the inspection of others is one of the most important of the rights of citizenship, and will not be violated without clear and unquestionable authority. National Clay Products v. District Court, 214 Iowa 960, 243 N. W. 727, 734. And we said:

"It is not the purpose of the statute to permit fishing or exploring expeditions."

In the case of Dorman v. Credit Reference Co., 213 Iowa 1016, 241 N. W. 436, 438, we stated the rule:

"The test by which the right of appeal from an intermediate order is to be determined is: Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment?"

In the cited case, Justice Grimm, speaking for this court, reviewed the principal cases upon the subject under discussion, and the rule there announced was approved in the later case of Ferguson v. Cannon, 214 Iowa, 798, 243 N. W. 175. And in an early case, Richards v. Burden, 31 Iowa 305, we held that the order appealed from must extend to and effect the merits of the case; that if it be merely incidental to the progress or trial of the cause no appeal will lie.

In the case of State v. Arns, 72 Iowa 555, 34 N. W. 329, which was a proceeding in bastardy, the defendant in his answer propounded interrogatories to be answered by the mother of the

child. The court sustained exceptions to the interrogatories on the ground that she was not a party to the action, and an appeal was prosecuted. This court in disposing of such appeal stated:

"An appeal from the order made in this case is not authorized by law." (The court then sets out the provisions of the statute permitting an appeal from intermediate or interlocutory orders, and then continues:) "It is apparent that the order made in this case does not come within either of the above provisions of the statute. The ruling made was a decision upon the right of the defendant to compel Mary Arns to answer questions, the answers to be used as evidence in the trial of the case. There is no appeal from rulings of this character. This was long ago determined by this court. Richards v. Burden, 31 Iowa 305. It is unnecessary to do more than to cite the case. It is in principle, precisely to the point. The appeal must be dismissed."

It is unnecessary and would serve no purpose for us to discuss the proposition involved at greater length. It is our conclusion that the order appealed from is not an appealable order under the record and the statutory provisions quoted. It follows that the appeal must be dismissed.—Dismissed.

ALBERT, C. J., and KINDIG, STEVENS, MITCHELL, and KINTZINGER, JJ., concur.