NATHAN MYRICK and ANDREW J. MYRICK, Appellants, *vs.* MILTON P. PIERCE, Respondent.

APPEAL FROM THE DISTRICT COURT OF NICOLLET COUNTY.

A judgment was entered November, 1859, upon a verdict by default, and collected on execution in August, 1860.   Defendant applied for relief therefrom under *Sec*. 94. *p*. 544, *Stats. of Min*., and obtained an order "setting aside the judgment, opening the default, and setting aside the verdict of the jury."   Plaintiffs appealed from the order, claiming that it in effect granted a new trial, and was within the provisions of *Sec*. 11, *p*. 621, *Comp. Stat*.   *Held*, that the order was one resting in the discretion of the Court, under the section first quoted, and was not appealable, as the Statute stood at the date of the appeal.   And as there was no actual trial of the issues joined, (the Defendant having answered, but not appearing on the day of trial,) the order did not fall within the provisions of the Statute last quoted.   Motion to dismiss appeal granted.

The Appellants' points and authorities do not relate to the motion to dismiss the appeal.

Points and authorities of Respondent :
*First*.—The order is not appealable.

1. The motion was not for a new trial, and was not made for any of the reasons stated in the Statute, nor has there ever been a *trial* within the meaning of the act allowing appeals from orders granting a new trial. This was a simple application to open a default addressed to the discretion of the Judge, and asking to be let in to defend as a matter of favor, and the exercise of his discretion is not the subject of review by this Court.

2. Even were it so, the discretion was 'properly exercised. The Defendant excused his laches, and it appeared that the Plaintiff had collected his claim. The only question, then, is his right to reclaim it. If the Plaintiff's claim is just, he cannot be prejudiced by the order.

The order should be affirmed, or appeal dismissed.

PAULDING & AUSTIN, Counsel for Appellants.

ALLIS & PECKHAM, Counsel for Respondents.

*By the Court*—EMMETT, C. J. This case being at issue, and on the calendar for trial in the Court below, and the Defendant having failed to appear and defend at the regular term, the Plaintiffs took a verdict, and entered judgment for the amount thereof, with costs. The judgment was entered in November, 1859, and was afterwards collected on execution. In August, 1860, the Court, on the application of the Defendant, and for cause shown, entered an order " setting aside the judgment, opening the default, and setting aside the verdict of the jury."

From this order the Plaintiffs' appeal, and the Defendant now moves this Court to dismiss the appeal, on the ground that an appeal does not lie from such an order.

The proceedings to obtain the relief granted by the order appealed from, were had in pursuance of *Sec.* 94, *p.* 544, *of the Comp. Stat.*, which expressly authorizes the Court, at any time within one year after notice thereof, to relieve a party from a judgment, order, or other proceeding taken against him, through his mistake, inadvertence, surprise, or excusable neglect. The application for such relief is addressed to the

discretion of the Court, and the decision thereon cannot be appealed from, unless clearly authorized by Statute. An appeal from a decision resting wholly in the discretion of the Court or judge, was unknown to the common law, and although the Statute has to some extent encroached upon this well settled rule, yet it cannot be expected that Courts will extend Statutes of such doubtful propriety much beyond the strict letter of their provisions, nor excite surprise that they uniformly refuse to disturb a decision made in such a case, even where an appeal is clearly given, unless there has been a palpable abuse of discretion on the part of the inferior tribunal.

The Statute, as it existed at the time this appeal was taken, did not authorize an appeal from such an order as was made in this case, unless the right be given by the provisions of *Sec.* 11, *p.* 621 *Com. Stat.*, which give an appeal from an order granting or refusing a new trial. It is claimed by the Plaintiffs that the order here appealed from, in effect granted a new trial, and therefore is within the meaning of the section last referred to.

We are unable to take this view of the case. The statute recognizes two distinct proceedings. The one, under *Sec.* 94, *p.* 544, *Com. Stat.*, to relieve a party from a judgment taken against him, through his mistake, inadvertance, surprise or excusable neglect; the other under *Sec.* 59, *p.* 564, *Com. Stat.*, to obtain a new trial for certain causes therein enumerated, which last evidently contemplates cases where there has been an actual trial of the issues joined. From an order made in the proceedings last named, a recent statute has given the right of appeal, but does not extend it to an order made in the proceedings first mentioned.

An examination of the pleadings in this case satisfies us that the taking of the verdict in the manner shown by this record, was not a trial of the issues joined in the sense in which the term " trial " is used in the section last above referred to.

The Plaintiffs declared for money paid for the use of the Defendant, as freight due on a certain printing press and materials belonging to the Defendant, alleging a subsequent promise of repayment by the Defendant. The Defendant did not deny the payment as alleged, but set up as a defence that

the Plaintiffs, in consideration that he would establish a printing press at the town of Traverse des Sioux, and then and there print and publish a newspaper, promised to pay to him one thousand dollars, five hundred of which was to be paid on arrival of said press, and the remainder when the first number of said paper should be issued and published. That the freight mentioned was advanced, at his request, by the Plaintiff's agent, as a part of the five hundred dollars which they had agreed to pay on the arrival of the press and not otherwise. That the Plaintiffs have refused to pay the balance, or fulfill their agreement in any manner. And he also denied that he had ever promised to repay the freight paid by the Plaintiffs. In reply, the Plaintiffs merely deny that their agent paid the money, for which action was brought upon the request set forth in the answer, or that the same was part of five hundred dollars due the Defendant from the Plaintiffs as alleged in the answer.

It is not at all likely that the Plaintiffs, under this state of pleadings, when they took their verdict in the absence of the Defendant, submitted to the jury the issues tendered by the answer, or that they did anything more than would have been required of them in taking their judgment, had the Defendant appeared to the action, but not answered. The judgment under these circumstances was in effect a judgment by default. One party fails to appear at the term and the other takes a verdict upon his own proofs alone. And the Plaintiffs stand in respect to this appeal, in no better position than they would have occupied, had the ytaken judgment upon the Defendant's failing to answer, and the Court had afterwards, upon a proper showing, relieved the Defendant from the judgment thus taken against him.

The motion to dismiss the appeal is granted.