Jorgensen v. Boehmer et al.

AXEL JORGENSEN, Appellant, *vs.* CATHARINE BOEHMER, WM.
Boehmer, her husband, and JOHN O. BRUNIUS, Respond'ts.

APPEAL FROM THE DISTRICT COURT OF CARVER COUNTY.

A motion for relief from a judgment, made under *sec.* 94, *chap.* 60 *of the .*
*Compiled Statutes,* is addressed to the discretion of the Court, and an order
thereon, where no abuse of discretion exists, is not appealable.

Points and authorities of Respondents.

I.—A motion to set aside a judgment, and for leave to answer,
is addressed to the discretion of the Court, and an order granting
the same is not appealable, except in cases of palpable abuse of
the discretion possessed by the Court. *Myrick vs. Pierce, 5th
Minn. R.,* 65 ; *Swift vs. Fletcher, 6 Minn. R.,* 550 ; *Merritt
vs. Putnam et al., 7th Minn. R.,* 493.

L. M. BROWN and M. SHERBURNE, Counsel for Appellant.

L. L. BAXTER, Counsel for Respondents.

*By the Court*—McMILLAN, J.—This is an appeal from an or-
der of the District Court, setting aside a judgment as to the De-
fendant Catherine Boehmer, and granting certain relief to the
Defendant William Boehmer, upon terms which appear in the
order.

The summons in the action was served on the Defendants,
Catharine and William Boehmer, on the 31st day of July, 1862,
as appears by the return of the sheriff of McLeod county. A
notice of retainer was served by Frank Warner, attorney for De-
fendants, the date of the service of which appears to be the 15th
of August, 1862. Judgment was entered on the 23d of October,
24—vol. ix.

1862, and on the 5th of August, 1863, execution was levied on certain real estate.

It appears from the affidavit of Catharine Boehmer, made on the 2d September, 1863, that, from the time of retaining her attorney until the date of the affidavit, she called frequently on her attorney, and was always informed by him that he had received no copy of the complaint, and that it would be improper to enter a judgment in the action until a copy was served upon him. It also appeared that the Defendant, William Boehmer, enlisted in the military service of the United States on the 20th of October, 1862, and, at the date of the affidavit, had no knowledge of the entry of the judgment.

By the affidavit of Mr. Warner, it appears that he had no knowledge of the entry of the judgment until May or June, 1863.

The Plaintiff, in his affidavit, states, that the Defendant Catharine Boehmer, and one Bray, on the 7th of April, 1863, examined the record of the judgment, and knew and understood its contents and effect, and that William Boehmer was indifferent to this motion.

A motion for this relief was made and noticed for the 26th of September, 1863, and the hearing postponed till October 11th, 1863, at which time it was denied, without prejudice, for insufficiency of the notice, and, subsequently, by stipulation, the matter was renewed on the original motion papers, reserving the Plaintiff's right to insist on laches, delay and negligence of the Defendants in not sooner making the motion.

This motion is based upon *sec.* 94 *Compiled Statutes, p.* 544. Proceedings of this character have several times claimed the attention of the Court, and it is now well settled by its decisions that applications under this section for relief of this character are addressed to the discretion of the Court, and orders thereon, where no abuse of discretion exists, are not appealable. *Myrick vs. Pierce,* 5 *Minn.,* 65 ; *Groh vs. Bassett,* 7 *id.,* 330 ; *Merrit vs. Putnam, id.,* 493. In this case the motion appears to have been made within one year after notice of the judgment; the Court below, therefore, had jurisdiction, and there is no pretence of an abuse of its discretion; this order therefore is not appealable.

The appeal must be dismissed.