GEORGE J. EXLEY and Wife *vs.* CHARLES J. BERRYHILL, impleaded, etc.

December 1, 1886.

**Appeal—Order refusing to Strike out Portion of Pleading.**—An order refusing to strike out certain portions of a pleading for duplicity, under Gen. St. 1878, *c.* 66, § 107, does not involve the merits, and is not appealable.

**Appeal from Judgment before Entry.**—The time to appeal from a judgment, under Gen. St. *c.* 86, does not commence to run until the entry thereof; and an appeal taken before the filing of the record or entry of the judgment is premature.

**Relief from Default — Discretion of Court — Conditional Order.**—An application for leave to answer after default is addressed to the discretion of the court, and the order granting such relief may be made conditional.

**Same—Condition held Proper.**—Upon the facts of this case as detailed in the opinion, *held,* that an order granting leave to answer upon the condition that the defendants consent to the appointment of a receiver of the property in controversy, pending the trial and determination of the issues raised by the answer, was not an abuse of discretion.

The plaintiffs brought this action in the district court for Rámsey county, to obtain the cancellation of certain deeds and mortgages held by the defendants, and for an accounting of moneys advanced by the defendant Berryhill to the plaintiffs and of moneys received by defendant Berryhill from, or for the account of, the plaintiffs. On March 27, 1886, upon leave of the court, the plaintiffs filed and served an amended complaint, and upon April 10, 1886, filed and served a supplemental complaint. Thereupon the defendant Berryhill moved that the complaint be required to be amended by striking out one or more of the causes of action therein alleged, which motion was, on April 26, 1886, denied by *Simons, J.* The defendant Berryhill, on April 27, 1886, gave notice of a motion to strike out certain portions of the complaint and for other relief. This motion was never heard. No answer having been served, the plaintiffs on May 15, 1886, made application to the court for a judgment as prayed for in the complaint, and at the same time the defendant Berryhill made appli-

cation for leave to answer. The applications were heard together
by *Wilkin*, J., and, the facts recited in the opinion being made to
appear by affidavits, the court, on June 3, 1886, made an order al-
lowing the defendant Berryhill to answer upon the following terms
and conditions, viz.: (1) that the allegations of new matter in the
answer be deemed denied and at issue without a formal reply; (2)
that within three days the defendant Berryhill pay the costs of the
motion; (3) that the issues in the action be placed on the general
term calendar of the court then in session for trial by the court; (4)
that Robert A. Smith be appointed receiver of the real property in
controversy, with power and authority to raise, by mortgage on said
real property, money sufficient to redeem said land from the fore-
closure sale under the mortgage of the West St. Paul Building Society,
and to pay the taxes thereon; (5) that any money raised in accord-
ance with the order by the receiver, with interest thereon, shall con-
stitute and be a first lien on said land paramount to the claims of
either of the parties to the action; (6) that the receiver give bond
in the sum of $10,000; (7) that the plaintiffs and the defendant
Berryhill, within three days, execute and deliver to the receiver good
and sufficient conveyances of said land, which conveyances shall be
recorded in the office of the register of deeds, and (8) that the plain-
tiffs and defendant Berryhill, within three days, execute and file in
the office of the clerk of the court their respective consent in writing
to the terms of the order. It was further provided in the order that
in case defendant Berryhill should fail to comply with the foregoing
terms within three days from date, then his application for leave to
answer be denied, and the plaintiffs' application for judgment should
stand for hearing on June 8, 1886. The defendant Berryhill having
failed to comply with the terms of the above order, the plaintiffs' ap-
plication for judgment was duly heard, and a decree was signed by
*Wilkin*, J., on June 12, 1886, which decree was duly filed and entered
by the clerk of the court on June 15, 1886. The defendant Berryhill
appeals from the order of April 26, 1886, from the order of June 3,
1886, granting leave to answer upon terms, and from the judgment,
the notice of appeal from the judgment having been served on June
14, 1886.

*Williams & Goodenow* and *Berryhill & Davison*, for appellant.

*Warner, Stevens & Lawrence* and *Comfort Brothers*, for respondents.

VANDERBURGH, J.  This case involves three appeals:

1. An appeal by defendants from an order denying their motion to strike out one or more causes of action set up in the complaint, on the ground that the pleading was double.  This objection is not that there is a misjoinder of several causes of action, which constitutes a special ground of demurrer under Gen. St. 1878, c. 66, § 92, but the motion is made under section 107, same chapter, to require the pleading to be corrected by striking out certain portions thereof for irregularity or informality in the statement of the causes of action.  Bliss, Code Pl. § 290.  The motion was denied by the trial court, and the order is not appealable because it does not involve the merits.  *Rice* v. *First Div. St. P. & P. R. Co.*, 24 Minn. 447.

2. The defendants also appeal from the order denying their application for leave to answer after default.  The action was commenced in February, 1885.  A demurrer was interposed to the complaint by the defendants; and afterwards, in March, 1886, an amended complaint was filed, from which it appears that the plaintiff, in July, 1882, executed a deed, absolute in form, to the defendant Berryhill of certain real estate which it was understood was to stand as security for a loan, and thereafter also executed certain mortgages to him covering the same real estate and a large amount of personal property, to secure the same loan, including money previously advanced by the defendant Berryhill, amounting in all, as plaintiff alleges, to a sum not exceeding $3,100.  It is alleged that defendant realized $600 from lots sold by him under the first deed, and that prior to November, 1883, plaintiff had paid, on account of his indebtedness to the defendants, the sum of $650, and that in December, 1884, the defendant Berryhill caused to be sold personal property, included in the chattel mortgage held by him, worth $3,500, for which he has failed to render any account, except that the net proceeds thereof were $1,175.  It is also shown by the supplemental complaint filed in this action that Berryhill caused the real-estate mortgage to be foreclosed by a sale of the mortgaged premises on the 14th day of February, 1885, for the sum of $2,441.50, and that he claims an absolute title

thereto under such sale, the time of redemption having expired, subject, however, to a prior mortgage held by the West St. Paul Building Society, which was foreclosed by a sale of the same premises on the 15th day of June, 1885, at the price of $2,889.82, and that the plaintiffs were destitute of other property upon which to raise money to redeem from the last-mentioned sale. It is further alleged that the mortgages in question were usurious and void. The plaintiffs demand an accounting and other appropriate relief. The defendants made the motion to strike out portions of the amended complaint to which we have referred, and upon its denial renewed it in another form. Meanwhile the time for answering had expired, and the defendants were in default, and thereafter the application for leave to answer under consideration was made. Upon the hearing counter-affidavits were interposed, among other things charging want of good faith, and an attempt to delay the proceedings by defendants, to the injury of the plaintiffs; and thereupon the court refused to grant defendants' application except upon the terms of their complying with certain conditions which the court deemed essential for the protection of both parties, and in order to prevent the plaintiffs' rights from being sacrificed by the delay.

From the record, including plaintiffs' affidavits, it was made to appear to the satisfaction of the court that the title to the real estate in controversy would soon pass absolutely under the prior mortgage; that defendants had interposed several dilatory motions, the effect of which was to delay the case, and that they had previously threatened so to do for the purpose of delay; that upon an accounting defendants' rights and equities could be fully protected, and that plaintiffs had repeatedly offered and consented that defendants should receive and be allowed for all sums actually advanced by them, with interest at 10 per cent., and $200 besides, if defendants would consent to an accounting. Under these circumstances, we are of the opinion that it was not an abuse of discretion to refuse to grant defendants' application, and still less to annex the equitable conditions named by the court. From the brief reference to the facts of the case we have made, it is apparent that defendants' application is not such as to commend itself to the special favor of the court. It was at their option to re-

fuse their assent to such conditions, and they did so refuse. The motion, therefore, stands as if denied. The order of the court is reviewable upon appeal, but can only be reversed for an abuse of discretion. The conditions required by the court were not unreasonable, and, under the peculiar circumstances of the case, it was the only way in which the rights of the parties could be protected pending the proceedings, while working no injury to either. The appointment of a receiver could be avoided by defendants' consenting to redeem from the previous sale; and, if such redemption was not made, the property would be lost to both parties. In the absence of such consent, some such provision would seem to be a necessity if an answer was permitted and the trial delayed. A receiver for the special purpose indicated would be a trustee of an express trust, and entirely under the control of the court, and in requiring such condition the court did not transcend the bounds of its discretion. Conditional orders in granting applications, addressed to the discretion of the court, are not infrequent in practice. In special cases a party is forbidden to plead a certain defence, or directed to submit to a reference or waive a jury, or to accept short notice of trial, or to commence an action, etc. 4 Wait, Pr. 608; 1 Wait, Pr. 464; *McCall* v. *McCall*, 54 N. Y. 541, 548.

3. The defendants also appeal from the judgment. The plaintiffs move to dismiss the appeal because prematurely taken. The judgment or decree was signed by the judge, and dated June 12, 1886, but was filed and entered, as the records show, June 15, 1886. The appeal, in such cases, may be taken at any time within six months from the entry of the judgment. Gen. St. 1878, *c*. 86, § 6. The judgment must be made a matter of record in order to limit the time for taking the appeal, and the time does not commence to run until the entry thereof. *Humphrey* v. *Havens*, 9 Minn. 301, (318,) 334, (350;) *Hostetter* v. *Alexander*, 22 Minn. 559. An appeal taken before the order for judgment is filed, or any record thereof is made, is premature, and should be dismissed.

The first and third appeals are dismissed, and in the second the order is affirmed.