ORESTUS S. BROWN, Administrator, *vs.* JULIA A. BROWN and another.

June 15, 1887.

Application by Non-Resident Defendant to open Default — Unreasonable Condition.—Application by non-resident defendants for an order opening a judgment taken against them by default, and for leave to answer. Where, upon such application, a meritorious case for the relief asked was presented, *held*, that it was not a reasonable exercise of the discretion of the court to require of the defendants, as a condition, that they file a bond, with resident sureties, to be approved by the court, in a sum sufficient to secure the payment of the amount of such money judgment as the plaintiffs might recover in the action.

Appeal by defendants from an order of the district court for Scott
county, *Macdonald*, J., presiding, vacating a judgment entered upon
default, and allowing the defendants to answer, upon the conditions
recited in the opinion.   A former appeal in this action is reported in
35 Minn. 191.

*Chas. N. Bell*, for appellants.

*Peck & Brown*, for respondent.

VANDERBURGH, J.   This action was originally brought by David
Brown against Julia A. Brown and David A. Brown, and the summons was personally served in this state upon the defendants, who
were residents of Dakota territory, in June, 1883, and an amended
complaint was served upon them on the 8th day of December, 1884.
The attorneys for the defendants were non-residents, but were notified by plaintiff's attorney of the service of the amended complaint;
the reason assigned for not serving it upon the attorneys being that
the court had ordered personal service thereof on the defendants.

Within 20 days thereafter the same attorneys appeared for defendants, and served their answers, which plaintiff's attorney immediately returned, because the defendants' attorneys were non-residents of the state; and thereupon, on the 15th day of January, 1885, caused judgment to be entered, as upon default, against the defendants, for the sum of $26,233; and thereafter, on the 9th day of March, 1885, the defendants, having secured the services of attorneys residing within the jurisdiction of the court, applied to the court upon affidavits to open the judgment, and for leave to answer.

A meritorious case for such relief appears to have been presented, and the court so considered, and granted the application; but, as defendants insist, upon conditions so onerous as to amount to an abuse of discretion. That is to say, the motion was granted upon the condition that the defendants execute and file a bond, with one or more sureties, residents of this state, to be approved by the judge, conditioned for the payment of the amount of any judgment which might be recovered by plaintiff in the action. In *Exley v. Berryhill*, 36 Minn. 117, (30 N. W. Rep. 436,) we held that, under the circumstances of that case, it was not an abuse of discretion for the court to annex certain equitable conditions to the order opening defendants' default, because they were such as were evidently reasonable and necessary to protect the property which was the subject of the controversy, *pendente lite*. In this case the defendants' answer disclosed a good defence upon the merits, and a reasonable excuse for their delay is shown, and no substantial prejudice appears to have arisen from such temporary delay in procuring other attorneys to appear and serve the answer.

It would have been proper to have allowed the judgment to stand as security, and to have required the payment of costs; but the exaction of the bond required by the court, we think, can hardly be considered as within the reasonable exercise of its discretion.

The case is remanded, with directions to modify the order in accordance with this opinion, and for further proceedings.