(Opinion published 52 N. W. Rep. 378.)

---

LUCY BAXTER *vs.* JEROME A. CHUTE *et al.*

Submitted on briefs May 19, 1892. Decided June 13, 1892.

**Practice—Opening Default.**

The failure of a defendant to answer in time may be excused, and relief afforded, although the default occurred from the erroneous advice of his attorney.

Appeal by Edwin Cooley, one of the defendants, from an order of the District Court of Hennepin County, *Hicks, J.*, made September 25, 1891, denying his application to be allowed to answer after default.

*A. D. Polk*, for appellant.

It was shown to the Court below that appellant submitted his case to his attorney, and was told that the principal debtors having answered, his rights would be protected, and he need not answer. Relying on this he neglected to answer. The District Court held that his failure to answer was due to his mistake of law, and denied his application. Appellant contends that this is not the question at all. The true question is, does he offer a sufficient excuse for his neglect? *Wicke* v. *Lake*, 21 Wis. 410; *National Cond. Milk Co.* v. *Brandenburgh*, 40 N. J. Law, 111; *Whereatt* v. *Ellis*, 70 Wis. 207;

*English* v. *English,* 87 N. C. 497; *Jorgensen* v. *Boehmer,* 9 Minn. 181, (Gil. 166;) *Brown* v. *Brown,* 37 Minn. 128.

Aside from the question of mistake of law there is no question in this case. Appellant brought himself within every legal requirement. He has a probable defense. He acted promptly and in good faith and excused his neglect. Having established these things he was entitled to relief, and it was an abuse of discretion to refuse it. *Bailey* v. *Taaffe,* 29 Cal. 423; *Hilderbrandt* v. *Robbecke,* 20 Minn. 100, (Gil. 83.)

*Brooks & Hendrix,* for respondent.

The motion papers were defective in substance. *Brownell* v. *Marsh,* 22 Wend. 635; *Fitzhugh* v. *Truax,* 1 Hill, 644; *Brittan* v. *Peabody,* 4 Hill, 61, n.; *Burnham* v. *Smith,* 11 Wis. 258; *Morgan* v. *McDonald,* 70 Cal. 32; *Weymouth* v. *Gregg,* 40 Minn. 45; *St. Paul & Duluth R. Co.* v. *Blackmar,* 44 Minn. 514.

The mistake of the appellant was purely a mistake of law. Being fully informed as to the facts, Cooley and his attorney came to an erroneous conclusion as to their legal effect. *Birkhauser* v. *Schmitt,* 45 Wis. 316; *Jones* v. *Leech,* 46 Iowa, 186; *Dickenson* v. *Gilliland,* 1 Cowen, 481; *Desnoyer* v. *McDonald,* 4 Minn. 515, (Gil. 402;) *Merritt* v. *Putnam,* 7 Minn. 493, (Gil. 399;) *Sandberg* v. *Berg,* 35 Minn. 212; Freeman, Judg. § 105; *Carmichael* v. *Argard,* 52 Wis. 607; *Broda* v. *Greenwald,* 66 Ala. 538; *Kreite* v. *Kreite,* 93 Ind. 583.

The court did not abuse its discretion. The relief is sought as a matter of judicial discretion or favor, and not as a strict legal right. *Nauer* v. *Benham,* 45 Minn. 252; *Bausman* v. *Kelley,* 38 Minn. 197; *Morgan* v. *Bishop,* 61 Wis. 407.

DICKINSON, J. This action is prosecuted to recover upon several promissory notes executed to the plaintiff by the defendants Chute, and across the back of which also the defendant Cooley wrote his name before the delivery of the notes, for the accommodation of the defendants Chute, as may be considered for the purposes of this appeal. As to the plaintiff, Cooley thereby assumed the liability of a maker, while as to the other defendants he occupied the position of a surety. The defendants Chute interposed an answer setting up

the defense of usury.   The defendant Cooley had previously consulted
an attorney, by whom he was advised that if the other defendants
should answer it would not be necessary for him (Cooley) to do so,
and that the plaintiff could not take judgment against him for a
greater amount than should be recovered against his codefendants.
Relying on this advice, and learning that his codefendants had inter-
posed the defense of usury, Cooley did not defend, and judgment
was entered against him for default of an answer.   Learning this
fact, Cooley moved promptly, within some six days after the expira-
tion of the time for answering, to have the judgment set aside, and
that he be allowed to interpose by answer the same defense which
had been made by his codefendants.   This motion was denied, and
Cooley took this appeal from the order refusing such relief.   The ac-
tion had not been tried against the other defendants when this ap-
pellant sought such relief from his default, and, indeed, issue was
not joined therein until some days thereafter, when the plaintiff
pleaded in reply to the answer.

As we understand the case, the plaintiff must be regarded as hav-
ing waived on the hearing of the motion all defects in the motion pa-
pers, including the fact that the answer of the defendants Chute, set-
ting forth the defense which this appellant sought leave to interpose,
was not embraced in such papers.   It seems to be apparent that the
only question submitted for the decision of the district court was as
to whether, assuming that the appellant showed that he had a de-
fense on the merits, his failure to plead it in time was excused.
The court seems to have considered that he was not entitled to relief,
because his neglect to answer was induced solely by a *mistake of law.*
In this we think that the court put too narrow a construction upon
the statute authorizing the court to relieve a party from a judgment
taken against him through his "mistake   *   *   *   or excusable
neglect."   A mistake of law may afford ground for relief as well as
a mistake of fact.   The default in *Brown* v. *Brown,* 37 Minn. 128,
(33 N. W. Rep. 546,) was suffered under a mistake of the law, yet
relief was afforded.   See, also, *Jorgensen* v. *Boehmer,* 9 Minn. 181,
(Gil. 166;) *Wicke* v. *Lake,* 21 Wis. 410; *Whereatt* v. *Ellis,* 70 Wis.
207, (35 N. W. Rep. 314.)

Of course all mistakes, whether of fact or of law, and whether committed by a party to an action or by his attorney, are not subject to relief. But this case was such that the discretion of the court might properly have been exercised in favor of the appellant. There was no apparent reason for doubt as to the facts. The appellant was not personally at fault. As must be considered for the purposes of the motion, he had a good defense, which was the same as that made by the other defendants to whom he stood in the relation of a surety. He seasonably pursued the proper course, with a view to defending, by consulting an attorney, the same attorney through whom the other defendants answered. It was only by reason of the mistaken advice of the attorney that the appellant suffered default. The time for answering had only recently expired, and the cause was not yet at issue as to the other defendants when this relief was sought. The granting of it would not have delayed the trial of the cause, nor have prejudiced the plaintiff in any other way than by requiring her to try her case on the merits, as to this appellant, as she was to do as to his codefendants, and, as it would seem, too, upon precisely the same issue. The relation of the appellant to the other defendants affords an additional inducement to the exercise of discretion in his favor. His rights as a surety to recover against his principals, in case he is compelled to pay their debt, would become complicated, if not prejudiced, by the fact that he had suffered a recovery without having interposed a known defense. On the other hand, the only reason opposed to granting such relief to the appellant is the fact that his attorney ignorantly advised him erroneously, in a matter concerning which the party was justified in trusting to and acting upon the advice of the attorney.

Order reversed.

(Opinion published 52 N. W. Rep. 379.)