PAUL LENTZ v. LEO LUTZ.[1]

May 14, 1943.

No. 33,400.

[1]Reported in 9 N. W. (2d) 505.

*A. E. Everson* and *K. M. Krost*, for appellant.
*Regan & Regan*, for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying his motion to open a default judgment against him and allow him to defend on the merits an action to recover damages for alienation of the affections of plaintiff's wife.

The record is such as fully to justify the court in finding the following facts upon which to base the order here for review: Before the commencement of the action plaintiff's counsel "talked with" defendant and "explained to him that unless he refrained from keeping company" with plaintiff's wife "some action would follow." On September 28, 1940, personal service of the summons and complaint was made on defendant. Within the time for answering he called at the office of plaintiff's counsel and "stated that the allegations set forth in the complaint were not true." But counsel informed him "that it would be necessary for him to get an attorney if he wished to fight the case," whereupon defendant left. On October 11, counsel wrote defendant "and told him that the time for answering in his case had expired and that un-

less he called at affiant's [plaintiff's counsel] office, judgment would be entered against him." Again, on March 11, 1941, counsel wrote defendant that the "case against you has been definitely set for trial for March 14, 1941," and that he should "take whatever steps you feel are necessary to protect your interests." Not only that, but on the day preceding the date of hearing, counsel called at defendant's home and "told him that the case would come on for hearing" on March 14 and that "a judgment would be entered against him unless he was there to defend himself or had some attorney there to represent him; that Mr. Lutz [defendant] then stated that he did not care if judgment was entered against him because we could not touch his homestead and that was all the property he had." The case was heard on the date mentioned, and on the 17th the court made its findings directing judgment for $1,000 and costs. Judgment was entered the same day for $1,023.43. An execution was issued March 19 and returned unsatisfied. Later, on October 25, 1941, garnishment proceedings were had and personal service again made upon defendant with copy of the garnishment summons and notice to him to appear on the day of disclosure. On June 4, 1942, evidently because of a partial payment of the judgment, plaintiff executed a "partial release of judgment." Not until then was any effort made or steps taken by defendant to get the relief now sought.

Obviously, defendant has been given verbal and written notice on many occasions both before and after entry of judgment. His attitude was one of indifference until he learned that after all a judgment meant something and required some degree of attention on his part.

The affidavit of defendant, supported to some extent by that of his physician, falls far short of meeting the requirement of diligence.

■ We may well agree with defendant's assertion that courts are naturally, and very properly, inclined to relieve a party from default if he furnishes reasonable excuse for his neglect and makes a fair showing of a meritorious defense. Minn. St. 1941, § 544.32

(Mason St. 1927, § 9283), clearly indicates that purpose, and in the interests of justice it is proper that it should be liberally construed so that causes may be tried on the merits. 3 Dunnell, Dig. & Supp. § 5013, and cases under note 41.

 On the other hand, it is the duty of a defendant to make his application for the relief afforded thereby within a reasonable time after notice of the judgment "and at all events within one year of such notice." 3 Dunnell, Dig. & Supp. § 5015, and cases under note 56. Here nothing was done until some 15 months after rendition of judgment. The most far-reaching case in support of defendant's position is that of Isensee Motors v. Rand, 196 Minn. 267, 264 N. W. 782. But defendant in the instant case fails to bring himself even within its liberal terms. In no case cited under said § 5015 of Dunnell's Digest has relief been granted where there has been such extreme carelessness and obvious neglect of diligence as we have here. National Council v. Canter, 132 Minn. 354, 157 N. W. 586, is particularly helpful on this phase. Here, as in that case, the showing is strong that defendant acquiesced in the judgment until stirred to action by proceedings appropriately brought to enforce payment. He has gambled too long with the notion that he can dodge execution and collection of the judgment. His "delay in this case is unexcused and culpable with consequent loss of his right to defend." Kane v. Stallman, 209 Minn. 138, 144, 296 N. W. 1, 4.

The order obviously is right and is affirmed.

Affirmed.