FRANK TOUSLEY v. EDWIN HOWE, A MINOR, BY EDWIN HOWE, SR., HIS GUARDIAN AD LITEM.

116 N. W. (2d) 590.

August 3, 1962—No. 38,573.

*Earl L. Johnson,* for appellant.

*Oppenheimer, Hodgson, Brown, Baer & Wolff, David C. Donnelly,* and *John D. Healy, Jr.,* for respondent.

NELSON, JUSTICE.

Plaintiff, Frank Tousley, was injured while hunting when a shotgun which defendant, Edwin Howe, a minor, was allegedly holding or manipulating accidentally discharged. Plaintiff commenced suit against defendant by service of a summons and complaint on March 2, 1961. Thereafter, Edwin Howe, Sr., was appointed guardian ad litem upon application of the plaintiff. His oath and consent was filed May 19, 1961, from which time defendant was given an additional 20 days in which to answer. Defendant's attorney mailed an answer to plaintiff on July 18, 1961, but not until after defendant had defaulted for a period of 39 days following the approval of the appointment of defendant's guardian ad litem.

On August 31, 1961, plaintiff moved to quash and vacate service of the answer and to have defendant adjudged in default and for the court to fix a date to take evidence of the damages of plaintiff. An affidavit of one of the attorneys for plaintiff was filed in support of his motion. A copy of a letter from plaintiff's attorneys to defendant's attorney dated May 18, 1961, inquiring why nothing had been done was attached to the affidavit. Affidavits of Elisha F. Utter, claims supervisor for Guaranty Security Insurance Company, and of Kenneth W. Peterson, vice president and claims manager of the same, were filed in opposition to the motion.

Both affidavits in opposition to the motion state that one Jack Henley, a claims representative of said insurance company, walked out of their office on August 7, 1961. No reasons were given for his disappearance until he was finally found in the psychiatric ward of a

local hospital where he was receiving treatment. Upon gaining this information, defendant's affiants examined the personal valise of the said Jack Henley and found the pleadings which were the subject of the motion for default judgment; following this, they searched for a regular claims file and found that these pleadings had never been made a part of the claims file nor was there any memorandum in it to the effect that the pleadings had been received by Henley. Defendant's affiants had no knowledge of the contents of the pleadings served by plaintiff since they had been kept in the personal valise of their investigator, but immediately upon discovering these pleadings, they sent the same to the attorney for the insurance company.

After a hearing, the court below made an order permitting defendant's answer to stand upon certain conditions. It stated:

"1.  The Answer of defendant may stand, as if timely served and issue in this cause may be joined as if there were no default, provided:

"a) The sum of One Thousand Dollars ($1,000.00) is paid by or on behalf of defendant to plaintiff within ten days of service of this Order upon defendant or his attorney of record.

"b) Said sum, if paid, shall consist of an award to plaintiff for his expenses and liquidated damages arising from defendant's defaults, and said sum, if paid, shall not be applied in whole or in part to damages, costs and disbursements demanded in plaintiff's complaint herein.

"In the event said One Thousand Dollars ($1,000.00) is not paid to plaintiff within the time and in the manner aforesaid, and upon proof of nonpayment being filed by affidavit on behalf of plaintiff,

"IT IS HEREBY ORDERED:

"1.  That the plaintiff recover of the defendant the damages sustained by him on account of the claim alleged in the complaint.

\*     \*     \*     \*     \*

"3.  That in order to accomplish such assessment of damages the plaintiff is directed to place this cause on the Court calendar for hearing at as early a time as is practicable and that the Clerk of the Court calendar should duly note the name and address of defendant's at-

torney of record and give his usual notices to him to the end that said attorney for defendant be fully informed of the date of hearing."

Defendant appealed from said order.

No showing has been made that any of the blame for the default is shared by defendant or by his guardian ad litem. It would appear that upon receiving the summons and complaint defendant turned them over to his insurance company. There was no showing that defendant was negligent in that respect; neither can we state that the delay was purposely occasioned by the insurance company. It could hardly anticipate that its claims representative who had the pleadings in his valise would disappear and be confined to a hospital. It does not appear that the insurer was aware of Henley's mental state prior to August 7, 1961. Therefore, it does not necessarily follow that a default judgment should be taken under these facts. Neither does it follow that the conditions imposed by the court are reasonable under the circumstances. We do not think that the situation which the record discloses is so wholly decisive in plaintiff's favor as to warrant a $1,000 penalty and its manner of application.

No authority involving a similar order has been cited by either party, and our search has disclosed none. However, the situation here is analogous to that of vacating or reopening a default judgment. Exley v. Berryhill, 36 Minn. 117, 30 N. W. 436 (which clearly recognizes that relief may be granted on condition); Brown v. Brown, 37 Minn. 128, 33 N. W. 546; Baxter v. Chute, 50 Minn. 164, 52 N. W. 379; Lentz v. Lutz, 215 Minn. 230, 9 N. W. (2d) 505; Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 53 N. W. (2d) 454; Standard Oil Co. v. King, 238 Minn. 81, 55 N. W. (2d) 710 (where the discretionary power of the court to reopen is ably set forth). Rule 60.02, Rules of Civil Procedure, states that "upon such terms as are just, the court may relieve a party * * * from a final judgment * * * order, or proceeding."

The facts in the Hinz case are similar to those in the instant case in that defendant turned over all the papers to the insurance company, and in that case this court said (237 Minn. 31, 53 N. W. [2d] 456):

"Where a defendant with reasonable promptness delivers the sum-

mons and complaint to its insurer which by contract is obligated to defend the suit, the negligence of the insurer in failing to forward the papers to the attorney for answering until shortly after the time for answering has expired is not to be imputed to defendant so as to bar the opening of a default judgment where, in the exercise of a sound judicial discretion, it appears that defendant after receiving notice acted with diligence, has a defense on the merits, and where, as here, no substantial prejudice will result to plaintiff."

The Hinz case must be interpreted as favoring a litigant's right to his day in court and as suggesting that a default on his part, if mitigating circumstances exist, should not be construed too strictly against him.

In the instant case the insurer appears to question whether the insurance issued to defendant covers the accident. For this reason disputed fact questions may have to be litigated.

The circumstances disclosed by the record do not warrant the imposition of the penalty ordered by the trial court. It is, therefore, vacated and defendant, in lieu thereof, is now ordered to pay to plaintiff the sum of $100 attorneys' fees and $50 costs as a substitute condition to allowing the answer to stand.

Reversed and remanded.