COOK & WHEELER v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

|  |  |
|---|---|
| 75 | 169 |
| 76 | 60 |
| 75 | 169 |
| 105 | 411 |
| 75 | 169 |
| 106 | 683 |
| 75 | 169 |
| 107 | 525 |

1. **Pleading:** AMENDMENT : CHANGE OF PRAYER. Where a plaintiff, upon certain facts stated in his petition, prays for relief to which such facts do not entitle him, he may properly be allowed to file an amended petition, setting up the same facts substantially, and praying for appropriate relief, and then to withdraw and dismiss his original petition.

2. **Appeal:** WHEN IT WILL NOT LIE : ORDER TO PRODUCE BOOKS. An appeal will not lie from an order to a defendant to produce his books in court to be used as evidence by plaintiff. Such order can be reviewed only on appeal after judgment. (Code, sec. 3164).

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

FILED, SEPTEMBER 8, 1888.

IN their original petition plaintiffs alleged that they were buyers and shippers of cattle and hogs, and that from the second day of June, 1879, to the date of bringing the suit, which was August 19, 1885, they had shipped three hundred and fifteen cars of stock over defendant's railway to the Union Stock Yards at Chicago; that during all of that time defendant's published schedule of charges from all stations in Jasper county, that being the county from which the shipments were made, was fifty dollars per car, which amount was charged and paid by them on each car so shipped by them; that during the same time the defendant, under a secret agreement and arrangement with certain other shippers, who are named, granted to them a rebate of ten dollars per car upon their shipments of stock from said stations in Jasper county; and that shipments were made under like conditions and circumstances with those of plaintiffs; and the prayer was for the recovery of three times the amount of said overcharges and attorney's fee. On the twenty-first of February, 1887, they filed an amended and substituted petition, in which they alleged substantially the same facts, and prayed for the recovery of ten thousand dollars as damages on account of the overcharges. The cause, by agreement of parties, was then sent to a referee, who was empowered to settle the issues and try and hear the cause, and report the facts and conclusions of law. On the sixteenth of August following, plaintiffs filed a withdrawal and dismissal of all their pleadings and allegations except the amended and substituted petition filed February 21. Defendant then filed a motion to strike that pleading from the files, on the ground that it was in no sense an amendment to the original petition, but alleged a cause of action entirely distinct from that alleged in the former pleading. The referee overruled the motion, and defendant thereupon

filed an answer. Plaintiffs then filed a petition for an order requiring defendant to produce its books, showing its dealings with the other shippers named during the time in question, and the shipping bills, receipts, and other papers pertaining to those shipments. Defendant filed exceptions to the petition, but the referee overruled the same, and granted the rule prayed for in the petition. He then filed a report of his action in the premises, to which defendant filed exceptions. But the district court overruled the exceptions, and entered an order approving the report. Defendant appeals.

*T. S. Wright* and *Winslow & Varnum*, for appellant.

*Alanson Clark*, for appellees.

REED, J.—I. The first question argued by counsel relates to the order of the referee overruling the motion to strike the amended and substituted petition

1. PLEADING: amendment: change of prayer.

from the files, and the action of the court in approving that order. Their contention was that the case as made in the original petition was for the recovery of the penalty prescribed by section 13, chapter 77, Acts Seventeenth General Assembly, for violation of the provisions of that act, while that made by the amended and substituted petition was for the enforcement of the common-law right to recover the excessive charges which plaintiffs had been compelled to pay; the former being an action in tort, while the latter is based wholly on contract. It is certainly true that a party ought not to be permitted, by amendment of his pleadings, to substitute for the action stated therein one based on an entirely different right, and the statute regulating the matter of amendments confers no such privilege. But it is also true, we think, that when a party, by the averments of his petition, shows himself entitled to a particular remedy, but by his prayer demands relief in excess of that, or even entirely distinct from it, he may, by proper amendment, abandon that demand, and claim what under the law he is entitled to

recover upon the facts pleaded. Such amendment would have the effect merely to adapt the prayer to the averments of the pleading, and the right to make it exists as certainly as does the right to amend a pleading by adding a prayer for the appropriate relief where a prayer for relief of any kind has been omitted, and its denial would be to revive the obsolete technicalities of the common-law system of pleading. It is important, therefore, to inquire as to what relief, if any, plaintiffs showed themselves entitled to by the averments of the original petition. It must be admitted that the prayer indicates that they were seeking to recover the statutory penalty. But their right of recovery is to be determined from the facts averred, rather than from the prayer of their pleading, and upon those facts they clearly are not entitled to that recovery. They allege that their shipments were interstate, and the statute, in so far as it is a regulation of commerce, can have no application to commerce of that character, the subject of its regulation being beyond the power of the state. *Wabash, St. L. & P. Ry. Co. v. Illinois*, 118 U. S. 557, 7 Sup. Ct. Rep. 4; *Carton v. Ill. Cent. Ry. Co.*, 59 Iowa, 148; *State v. Chicago & N. W. Ry. Co.*, 70 Iowa, 162. The fact allegations, as already stated, are substantially the same in both the original and amended petition. If, upon the facts alleged in the latter pleading, they are entitled to recover back the alleged overcharge, as to which no question was raised on this appeal, they were as certainly entitled to the same relief on the averments of the former. The only effect of the amendment, then, was to adapt the prayer to the fact allegations, and it was properly allowed.

II. We think an appeal will not lie from the order granting the rule to produce books and papers. The object of that petition was to obtain evidence in support of one of the material allegations of the petition. The subject of appeals from intermediate orders is governed by section 3164 of the Code. The only provisions which it is claimed give the right in this instance are those found in subdivisions 1 and 4, which are as follows: " (1) An

2. APPEAL: when it will not lie: order to produce books.

order made affecting a substantial right in an action where such order, in effect, determines the action and prevents a judgment from which an appeal might be taken." "(4) An intermediate order involving the merits and materially affecting the final judgment." It is manifest, we think, that neither of these provisions gives a right of appeal from an order of the character of that in question. The order, doubtless, affected a substantial right, but it neither determined the action nor prevented a final judgment from which an appeal might be taken. Neither did it involve the merits, or affect the final decision, within the meaning of the law. The evidence sought to be obtained may be sufficient to determine the rights involved in the action, but the order itself for its production no more affects the final decision than would an order sustaining or overruling a motion to suppress depositions. We think the ruling can be reviewed only on appeal after judgment. The appeal, so far as that order is concerned, will be dismissed, and the *supersedeas* discharged. The ruling overruling the motion to strike the amended and substituted petition from the files will be

AFFIRMED.