39  477
66  449

NATIONAL ALBANY EXCHANGE BANK *vs.* WILLIAM W. CARGILL and others.

November 30, 1888.

**Appeal.**—An order refusing a motion to strike out an answer as sham is not appealable.

Appeal by plaintiff from an order of the district court for Hennepin county, *Rea, J.,* presiding, denying a motion that the answer be stricken out as sham, and for judgment.

*Edward Savage,* for appellant.

*E. E. Cooley,* for respondents.

GILFILLAN, C. J. This is an appeal from an order denying plaintiff's motion to strike out the answer as sham, and for judgment notwithstanding the same, as for want of an answer. The answer consisted of denials. The respondents insist that the order is not appealable. If it be appealable, it is under Gen. St. 1878, c. 86, § 8, subsec. 3, providing an appeal "from an order involving the merits of the action or some part thereof." Such an order has been defined to be one "which passes upon and determines the positive legal rights of either party,"—*Piper* v. *Johnston*, 12 Minn. 27, (60;) —that is, passes upon "the strict legal rights of the parties as con-

tradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the court." *Holmes* v. *Campbell*, 13 Minn. 58, (66.) It "must be decisive of the question involved, or of some strictly legal right of the party appealing. An order which leaves the point involved still pending before the court, and undetermined, cannot be said to involve the merits." *McMahon* v. *Davidson*, 12 Minn. 232, (357.) That case furnished an instance of an order not decisive of the question involved, but leaving it still pending, and therefore not appealable. It was an order denying defendant's motion for judgment on the pleadings, made without notice, when the cause was called for trial. It was not conclusive of the rights of the parties. So an order refusing to strike out allegations claimed to be irrelevant or redundant leaves the question of the legal effect of such allegations on the rights of the parties still open to be determined at the trial. *Rice* v. *First Div., etc., R. Co.*, 24 Minn. 447. That the rights of the parties are or are not finally determined is the ground for the distinction in the rule stated in *Vermilye* v. *Vermilye*, 32 Minn. 499, (18 N. W. Rep. 832,) that an order striking out portions of a pleading is appealable, an order refusing to strike out on the ground of irrelevancy or redundancy is not. For the former order disposes finally of the rights of the parties so far as dependent on the allegations struck out; the latter leaves the allegations to stand, and to have such effect on the rights of the parties as the court may on the trial determine. The same is true of an answer claimed to be sham. An order striking it out disposes of it finally, while an order declining to strike it out does not finally pass on its truth or falsity, but leaves that to be determined by a trial. The same rule should apply to motions to strike out as sham as applies to motions to strike out as redundant or irrelevant. To have pleadings, even where obnoxious to those objections, purged by motion, is a matter not of absolute right, but which rests in the discretion of the court. The order is not appealable, and the appeal is dismissed.

VANDERBURGH, J., (*concurring.*) I concur in the opinion of the chief justice. In the case of *Van Loon* v. *Griffin*, 34 Minn. 444, (26

N. W. Rep. 601,) referred to by counsel as having been determined on the merits, the attention of the court was not directed to the question of the appealability of the order.