MINNEAPOLIS TRUST COMPANY v. LOUIS F. MENAGE and Others.[1]

December 16, 1896.

Nos. 10,198—(117).

66 447
72 259

**Trustee's Account—Objections—Appeal.**

No appeal lies from an order denying a motion to strike out and dismiss objections filed to the allowance of the account of a trustee.

Appeal by plaintiff from an order of the district court for Hennepin county, Russell and Belden, JJ., denying plaintiff's motion to strike from the files certain objections to its report and directing a hearing thereof. Dismissed.

*W. E. Dodge* and *B. D. Townsend*, for appellant.

*F. B. Hart*, for respondents.

START, C. J. The Minneapolis Trust Company on December 5, 1894, was, by the judgment of the district court of Hennepin county, appointed a trustee to take, hold, and dispose of, under the direction of the court, certain collateral securities, and distribute the proceeds thereof among creditors. It accepted the trust, sold and disposed

[1] Reported in 69 N. W. 224.

of a portion of the property under the direction and approval of the court, and received and disbursed certain moneys in the execution of the trust. On January 10, 1896, pursuant to an order of the court, the Minneapolis Trust Company, as such trustee, filed its report and account of receipts and disbursements. On January 13, 1896, an order was issued directing the defendants and all other interested persons to appear before the court on January 25, 1896, and show cause why the account, as filed, should not be allowed. This order was duly served, and the defendant the La Salle National Bank, on the return day thereof, filed its objections to the report and the allowance of the account. The defendant, by its answer to the order to show cause, objected to the allowance of several specific items of disbursements in the account, and also sought to surcharge the account by charging the trustee with the face value of certain bonds it had sold under the direction and approval of the court, which approval was obtained, as the defendant alleged, by concealing material facts and imposing on the court. Thereupon the trustee moved the court to strike the objections from the files of the court, and to dismiss the same, and to allow the account. The trustee appeals from an order denying the motion.

The defendant here urges that the order is not appealable. The trustee claims that the order, in effect, vacated the former order of the court, directing and confirming a sale of the bonds. Such is not its effect. It simply leaves the question of surcharging the account notwithstanding the previous order of the court to be tried. The order does not involve "the merits of the action," as that term has been construed by the repeated decisions of this court, nor is it a final order affecting a substantial right in a special proceeding. It does not put an end to the proceedings. The defendant was called into court to show cause why the account should not be allowed, and, while its list of objections is not strictly an answer, yet for all practical purposes it is such. The order appealed from was, in effect, one denying a motion to strike out the defendant's answer, and to dismiss its defense. Now, no appeal lies from an order refusing to strike out an answer or pleading, because it is not decisive of the question involved, or of some strictly legal right of the party appealing. An order which leaves the point involved still pending before the court, and undetermined, does not involve the merits.

National A. E. Bank v. Cargill, 39 Minn. 477, 40 N. W. 570; Exley v. Berryhill, 36 Minn. 117, 30 N. W. 436.   On the same principle, no appeal lies from an order denying a motion for judgment on the pleadings.   McMahon v. Davidson, 12 Minn. 232 (357).   The order made in this case left the question of the sufficiency of the objections, as one of law or fact, or both, still pending before the court. It was therefore not appealable.   Appeal dismissed.