BLANCHE DEVIER, *et al.,* v. THE ECONOMIC LIFE ASSOCIATION, Appellant.

**Appealable Order:**   An order for the production of books and papers is not within Code 1873, section 3164, subds. 1, 4, giving the right of appeal from an order affecting a substantial right where such order determines the action, or prevents a final judgment from which an appeal may be taken, and from an intermediate order involving the merits, and materially affecting the final judgment.

REVIEW.   Under Code 4656 which authorizes the same consequences for failure to obey a rule to produce books and papers that follow a refusal to appear and testify and section 4668 which provides that upon a failure to appear and testify the court may order, subject to reconsideration during the term, that the pleadings

shall be deemed true if the pleader shows he could not have personal knowledge of the transaction, a judgment can not be had without a showing of lack of such knowledge even if it be assumed that the trial judge has, after such showing, no discretion, which this court is not willing to say.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

THURSDAY, DECEMBER 15, 1898.

ACTION to recover upon two policies of life insurance. Both parties appeal from certain intermediate orders of the court. The appeal of defendant having been first perfected, it will be denominated the "appellant."—*Affirmed.*

*Hayes & Schuyler* for appellant.

*Murray & Farr* and *Ellis & Ellis* for appellees.

WATERMAN, J.—Plaintiffs sued as beneficiaries named in two policies of insurance issued by defendant company upon the life of one Hugh W. Devier, deceased. They alleged that the policies were in the possession of defendant. Thereafter, on June 5, 1897, the defendant filed a motion to compel plaintiffs to set out the terms of the contract. On August 5 following, plaintiffs filed a petition praying for an inspection of the books and papers of defendant company. Pending the hearing of this application the court sustained defendant's motion, and ordered plaintiffs to set out the particulars of the contracts. September 22 plaintiffs amended their petition, but not in the respects asked. With the record in this condition, on September 25 the court overruled defendant's exception to the application for the inspection of books and papers, and ordered the production of such documents; and from this order the defendant appeals. No appeal lies from such an order. *Cook v. Railroad Co.*, 75 Iowa, 169.

After defendant's appeal, and on October 4, 1897, plaintiffs filed a motion for judgment on the ground of the noncompliance of defendant with the order of the court which

required it to permit an inspection to be made of books and papers. This motion was overruled, and it is from this action of the court that plaintiffs appeal. On December 4, 1897, the plaintiffs amended their petition, and set out the matters required by the order of court made on defendant's motion on September 8. The order for the production of the books and papers, as appears, was made before the present Code went into effect. The ruling on the application for judgment was entered on October 4, 1897. Both parties treat the matter as governed by the Code of 1897. Inasmuch as its provisions are substantially the same as the Code of 1873 on the same subject, it is immaterial to which we refer, so we shall follow counsel, and treat the case as though governed by the present Code. Section 4656 provides that, if a party fails to obey a rule requiring a production of books or papers for inspection, "the same consequences shall ensue as if the party had failed to appear and testify when subpœnaed by the party now calling for the books and papers." And in section 4668 it is provided that, when a party fails to obey a subpœna, if the other party "shows by his own testimony or otherwise that he could not have personal knowledge of the transaction, the court may order his pleadings to be taken as true; subject to be reconsidered during the term of the court." We are not willing to say that the trial court has no discretion under this section. But, however that may be, plaintiffs did not make the showing required,—of want of personal knowledge,—and for this reason their request for judgment was properly overruled. Defendant's appeal will be dismissed, and on plaintiff's appeal the action of the trial court is AFFIRMED.