LIBERTY OIL COMPANY, Appellee, v. J. H. POLK, Appellant.

**EVIDENCE:  Parol as Affecting Writings—Written Trust Agreement.**
1   A written trust agreement for the benefit of creditors may not be modified by a showing that, when the trustee accepted the trust, it was *orally* agreed that the trustee should not be personally liable for purchases made in carrying on the business.  A plea setting up such trust agreement is properly stricken.

**APPEAL AND ERROR:  When Appeal Lies—Order Striking Defensive**
2   **Matter.**  An order striking a pleaded defense is appealable.  So held where the stricken matter was an allegation by a trustee to the effect that, when he accepted the trust, it was agreed ''that he assumed no personal liability for purchases made.''

*Appeal from Polk District Court.*—J. D. WALLINGFORD, Judge.

NOVEMBER 15, 1921.

REHEARING DENIED FEBRUARY 17, 1922.

APPEAL from an intermediate order by the trial court, striking an amendment to appellant's answer.—*Affirmed.*

*John McLennan,* for appellant.

*Miller, Kelly, Shuttleworth & Seeburger,* for appellee.

ARTHUR, J.—On April 10, 1918, appellee sued appellant on an itemized account for gasoline, denatured alcohol, and kerosene, which it claims it sold and delivered to appellant, Polk, at the instance and request of Polk, between the 20th day of November, 1916, and the 24th day of May, 1917, in the amount of $790.66, with certain credits amounting to $105.45, there remaining due $685.21.

1. EVIDENCE: parol as affecting writings: written trust agreement.

Appellee, in alleging its cause of action, stated that Thomas H. McGrevey had been engaged in the automobile repair and supply business, under the trade name of "McGrevey Auto Supply & Machine Company," in the city of Des Moines; that, on September 6, 1916, McGrevey executed and delivered to "J. H. Polk, trustee," a bill of sale of all property, book accounts, and notes belonging to Thomas H. McGrevey and the McGrevey Auto Supply & Machine Company, and that the bill of sale was filed the same day; that J. H. Polk took possession of the property described in the bill of sale, and thereafter conducted, in the name of J. H. Polk, trustee, the business which had theretofore been conducted by McGrevey; that Polk continued to so conduct the business for a period of about eight months, and until May 25, 1917, on which date Polk executed and delivered to Thomas H. McGrevey a bill of sale, signed and acknowledged by "J. H. Polk, trustee," by which he conveyed back to McGrevey all the personal property of every kind that he had in his possession belonging to the business, including all book accounts and bills receivable, and the bill of sale was recorded that same day; that, while Polk was in possession of the property as trustee,—that is, between the time the bill of sale first mentioned was made by McGrevey to Polk, and the bill of sale from Polk to McGrevey, returning the property to McGrevey,—appellee, at the special instance and request of J. H. Polk, between the 20th day of November, 1916, and the 24th day of May, 1917, sold and deliv-

ered to Polk, at the place of business formerly operated by Mc-Grevey and then operated by Polk, in the name of J. H. Polk, trustee, the goods mentioned in the account sued on in this action.

Appellant filed answer, which he divided into six divisions. Appellee moved to strike certain divisions and parts of divisions of the answer, on the grounds that the matters alleged were sur plusage, incompetent, irrelevant, and immaterial, and had no bearing on the matters in controversy, or on the issues to be submitted in the case; that certain parts were recitations of evidence, rather than allegations of ultimate facts, and other parts mere conclusions of law. On August 1, 1920, the motion to strike was sustained; and appellant assigns such ruling as error. But he seems not to have effected an appeal from such order. In his notice of appeal, he says that "defendant has appealed from the judgment of the district court rendered against defendant in above entitled cause on the 13th day of September, 1920, to the Supreme Court of Iowa." No mention is made in the notice of the order of August 1st.

We are concerned only incidentally in what remained in the answer, so as to observe the materiality of an amendment which was afterwards filed, and on motion stricken, from which ruling, of September 13, 1920, this appeal was taken. As remarked by appellant's counsel:

"The original motion covers a multitude of propositions, and is very difficult to understand."

Appellant understands that sustaining the motion struck out all of the original answer, except a paragraph reading:

"The defendant further avers that he has no knowledge or information upon which to form an opinion as to whether the plaintiff delivered at such place of business the goods or merchandise set forth in its petition."

Appellant claims that his general denial was stricken. Counsel for appellee says that there remained in the answer, after the motion to strike was sustained, all of Division 1, which consisted of a general denial and admissions of the corporate capacity of appellee and that, prior to September 6, 1916, Thomas H. McGrevey was engaged in the automobile repair and supply business in the city of Des Moines, and did business under the name of "McGrevey Auto Supply & Machine Com-

pany;" that McGrevey, on September 6, 1916, made a bill of sale of his business and personal property used in the business to J. H. Polk, trustee, and that such bill of sale was recorded; that, on May 25, 1917, Polk, trustee, redelivered the property to McGrevey, and as evidence thereof, executed and delivered to him a bill of sale of said business and property; and that there remained in Division 3 allegations that, upon his taking possession as trustee, Polk, in writing and orally, notified appellee and other creditors that the business and property had been conveyed to him as trustee, for the benefit of McGrevey and his creditors; that said notice was to the effect that the business and property had been conveyed to Polk as trustee, and that the business would be conducted on a cash basis only,—that is, that all creditors, including appellee, would be and were notified not to deliver any goods at said place of business, regardless of who might order it, unless they collected for the same in full at the time of the delivery. Polk averred that any and all gasoline, denatured alcohol, kerosene, or other merchandise that appellee delivered to said place of business during the time of his (appellant's) trusteeship were paid for by said trustee at the time of delivery. Appellee says that there also remained in the answer the last paragraph of Division 4, which alleged that appellant had no knowledge or information upon which to form an opinion as to whether appellee delivered at said place of business the goods and merchandise set forth in its petition; that at no time did he order nor did he authorize anyone to order for him, either in his individual capacity or in the capacity in which he was acting in said business, the goods mentioned in said account; that all goods, wares, and merchandise delivered at said place of business, upon appellant's order or upon the order of those authorized by him during said trusteeship, were paid for at the time of the delivery of the goods. Appellee says also that there remained in the answer the last paragraph of Division 5, in which it was alleged that appellee did deliver, on divers dates, goods and merchandise to said place of business, at appellant's request; and that, upon each occasion when goods and merchandise were so delivered by it, the appellee was paid in full for such goods by appellant, acting in the capacity of trustee; and that, if appellee delivered the goods

claimed for in its petition, it did so with the full knowledge that appellant was acting only in the capacity of trustee, and had no financial interest in said business; and further, that if there was a payment made to appellee on May 18, 1917, on the account sued on, said payment was not made by appellant, either in his individual or trust capacity; and that he has no knowledge thereof.

We are inclined to accept the version of appellee's counsel as to the portions of the answer which remain intact after the ruling sustaining the motion to strike. Anyway, appellee's concession as to what remained in the answer would be binding upon it, we think.

After the ruling on the first motion to strike, on August 1, 1920, sustaining the motion, appellant amended the fifth paragraph of his original answer by stating that, "when he was appointed, named, or became trustee of the property of Thomas H. McGrevey, doing business as the 'McGrevey Auto Supply & Machine Company,' that he was named as such trustee by the said McGrevey and the majority of his creditors; that it was expressly understood and agreed with the defendant, between said McGrevey and his creditors, that defendant, appellant, as such trustee, assume no personal liability for the cost and expenses of running and operating the Thomas McGrevey auto business, nor was he to become personally liable for any goods, wares, or merchandise delivered to him as such trustee, in the conduct and operation of said business, and that defendant was to run and operate the same without personal expense to himself, and was to so act as such trustee without personal compensation."

Appellee moved to strike the amendment on the ground that the allegations were incompetent, irrelevant, and immaterial, for the reason that any agreement or understanding between appellant and the majority of the creditors of McGrevey would not be binding upon the appellee; that Polk, as trustee, was liable for any obligations made by him, notwithstanding that there were, as alleged, agreements between Polk, trustee, and the majority of the creditors of McGrevey; that whether Polk was to receive any compensation or not for his services as trustee was incompetent, irrelevant, and immaterial; that the

allegations in the amendment seek to vary the terms of the written assignment made by McGrevey to Polk, trustee, for, in the assignment to Polk, there were no statements that Polk, trustee, should not be bound personally for all obligations made by him as trustee.

On September 13, 1920, the motion to strike the amendment was by the court sustained, from which order this appeal was taken. An order was issued by this court, staying further proceedings pending the appeal. Appellee moved to dismiss the appeal, on the ground that an appeal does not lie from the ruling and order complained of, and for the further reason that appellant, Polk, as trustee, has not been deprived of any material right that he may have in the trial of the case in the trial court by the striking of the amendment in controversy; that the allegations in the amendment in no way add to the materiality of the defense which appellant may have to appellee's action; that there is nothing contained in the amendment which appellee would be bound to meet in evidence; and that, since the amendment is not material to the substantial rights of appellant, there is no right of appeal from the order striking it. Motion to dismiss was submitted with the case.

Briefly, the amendment stricken alleged the special defense that, when the appellant was appointed trustee, it was agreed between the McGrevey interests and the creditors of McGrevey, of which appellee was one, that appellant should act as trustee; that he should not be liable personally for the expense of running the business; and that he should receive no compensation as trustee. It is the position of appellant that the amendment presented a material defense to appellee's action; that such defense could not inhere in the final judgment against the defendant, because the right to establish such defense had been stricken.

2. APPEAL AND ERROR: when appeal lies: order striking defensive matter.

If appellant's position is sound, he had the right of appeal, for the reason that the only remedy that he would have would be by appeal. The test seems to be, Would the matter stricken inhere in a judgment against appellant, so that the same might be determined on appeal, after judgment against him? If it does not so inhere, appellant had the right of appeal from the

order sustaining the motion to strike. *Schoenhofen Brew. Co. v. Giffey,* 162 Iowa 204; *McClurg & Walker v. McEvoy,* 188 Iowa 752.

As said above, appellant is mistaken in saying that the only defense left after the ruling was that:

"The defendant further avers that he has no knowledge or information upon which to form an opinion as to whether the plaintiff delivered at such place of business the goods or merchandise set forth in its petition."

There did remain in the answer, as we above said, a general denial and further allegations, as above set forth. The motion striking the amendment was in the nature of a demurrer. After the defense set up in the amendment was stricken, appellant could not offer evidence to sustain it, because he then had no pleading on which to base an offer of evidence. Right of appeal to have determined whether the defense pleaded in the amendment should stand or not would seem to exist under Paragraph 4 of Code Section 4101, which reads:

"An intermediate order involving the merits or materially affecting the final decision."

The amendment was of such character that appeal would lie from the ruling on motion to strike the same. But we hold it was not error to sustain the motion, in the instant case, because the matter pleaded in the stricken amendment did not constitute a good defense. The defense offered in the amendment, as a matter of law, was not available to appellant against the trust article, the bill of sale from McGrevey to Polk. We need not set out the instrument. It is sufficient to say that the written instrument does not contain a word relieving Polk from personal liability or liability as trustee for the cost and expense of operating the business, or cost of goods and materials purchased.

The trust agreement was pleaded by plaintiff and admitted by defendant. It contains no provision exempting the trustee from liability for goods furnished to him. There was no effort to reform the trust instrument so as to include a provision that Polk, trustee, assumed no personal liability for goods delivered to him. The trust had been created, executed, and discharged before this case was begun. The allegations of the stricken

amendment were not material, for the reason that it is presumed, as a matter of law, that the trust instrument contains all the agreements between the parties, and that all verbal agreements were merged in the written agreement. The trust agreement could not be varied by parol testimony.

The order sustaining appellee's motion and striking the amendment was not error, and the order of the trial court is— *Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.