L. E. GOODE, Appellee, v. ADAMS EXPRESS COMPANY, Appellant.

**APPEAL AND ERROR:** Notice of Appeal—Failure to Specify Order
1  Appealed From. A recital that a notice of appeal was duly served

and filed on a named date, which the record shows was *prior to the rendition of any final judgment*, without the recital of or reference to any interlocutory order or ruling, is wholly insufficient to confer jurisdiction of the appeal.

**APPEAL AND ERROR:** Nonappealable Interlocutory Order. An interlocutory ruling by the trial court that plaintiff may, by amendment to his petition, set up new and distinct causes of action *after* defendant had appeared to and joined issue on the cause of action first pleaded, is not appealable.

**APPEAL AND ERROR:** Nonappealable Order. The action of the court in permitting a plaintiff, after issue is joined on his cause of action, to amend, and set up other and new causes of action, may not be said to be *without jurisdiction*, and such action, if erroneous, may be corrected only by appeal from the *final* judgment.

*Appeal from Davis District Court.*—C. W. VERMILION, Judge.

JANUARY 17, 1922.

THE opinion states the case.—*Appeal dismissed.*

*Payne & Goodson,* for appellant.

*T. P. Bence,* for appellee.

WEAVER, J.—On September 11, 1918, the plaintiff brought action at law, alleging that, on February 11, 1918, he delivered certain packages or bales of furs to be transported by defendant as a common carrier from Bloomfield, Iowa, to a named consignee in New York City; that, in violation of its duty as such carrier, defendant failed to safely transport said shipment or to deliver the same at its destination, whereby said goods were wholly lost to the plaintiff, to his damage in the sum of $2,820. The defendant, not appearing, was defaulted, and judgment entered in favor of the plaintiff for the full amount of his claim, at the September term, 1918, of the trial court. At some time thereafter, the date not clearly appearing, the defendant made an appearance, and moved to set aside the judgment and default, and tendered an answer to the plaintiff's claim. The answer presented first denies the petition generally. It admits, however, the receipt of the shipment of furs, but alleges that

the transaction was one of interstate commerce, and that, by the contract between the parties, the value of the goods and the liability of the carrier therefor were limited to a sum not exceeding $690. The plaintiff contested the right of the defendant to have the default judgment vacated, and demurred to the sufficiency of the answer. On November 18, 1919, the trial court granted the application to set aside the judgment, and a new trial was ordered. The demurrer to the answer was overruled. On December 3, 1919, plaintiff filed an amendment to his petition by adding thereto two counts, as follows: The first count of the amendment alleges that, on February 23, 1918, he delivered to the defendant as a common carrier 88 cases of eggs, to be transported from Mt. Ayr, Iowa, to a named consignee in New York City; that defendant did not safely transport said shipment or deliver the same to the consignee, whereby the same was wholly lost to the plaintiff, to his damage in the sum of $1,246.08. By the second count of the amendment, he sets up a similar claim for a shipment alleged to have been made on February 25, 1918, of 104 cases of eggs, to be transported by defendant from Farmington, Iowa, to a consignee in New York City, which shipment defendant failed to transport or safely deliver, to plaintiff's further damage in the sum of $1,149.20. On December 5, 1919, defendant filed a motion to strike the amendment to the petition on eight enumerated grounds, as follows: (1) The amendment was filed without leave of court; (2) an answer had previously been filed, and issue fully joined thereon; * * * (4) the amendment is not permissible under any statute of the state or rule of court; (5) the amendment raises new and independent issues, trial of which would delay the determination of the issues upon the original petition, and be prejudicial to the defendant; (6) plaintiff should not be permitted to inject into this case other and new causes of action which require a new and distinct suit; (7) the union of these new causes of action with the one stated in the original petition is a misjoinder of causes of action; (8) an action is already pending in this court against another on the same causes of action set out in the amendment. The record indicates that, with the pleadings in this shape, the cause was allowed to remain dormant from December 5, 1919, until May

4, 1920, when defendant's counsel, who had filed the motion to strike six months before, announced that they appeared for the defendant only in the original action for recovery on account of the shipment of furs; and that they had no authority to appear for defendant upon plaintiff's claim for damages on the alleged shipment of eggs. The motion to strike the amendment was thereupon denied.

Following the foregoing recitals, the appellant's abstract states that:

"On the 26th of May, 1920, appellant served notice of appeal to the Supreme Court of Iowa in this case, on T. P. Bence, attorney of record for L. E. Goode, appellee, and upon Arthur Stookesberry, clerk of the district court of Davis County, Iowa, and the same was duly filed in the cause on said day, and is a part of the record in this cause."

The notice, so far as disclosed, does not specify or indicate the order or judgment or part of order or judgment from which this appeal is taken. At the date the notice is said to have been served, no trial had been had and no judgment rendered or entered upon plaintiff's claims or any of them, excepting, of course, the default judgment, which had been set aside. The cause was still pending and undetermined. It should be said, however, that counsel for appellant preface their argument in this court by a statement, "by way of amendment to abstract," that, "on the *28th day of May*, 1920, plaintiff obtained judgment for $785 and costs against the defendant in this case on the pleadings for the value of the furs;" and that, on May 29, 1920, plaintiff took default on the two causes of action set out in the amendment to the petition, and obtained judgment thereon against defendant for $2,426.42 and costs. It will be observed that the judgments and default so referred to were not rendered or obtained until two or three days after the service of the notice of appeal. No appeal appears ever to have been taken or attempted from such judgments, nor any exception thereto preserved.

I. Under our practice, an appeal to this court is taken by the service of a notice upon the adverse party, and upon the clerk of the court wherein the proceedings were had, "stating the appeal from the same, or from some specific part thereof,

defining such part." Section 4114, Code Supplement, 1913.

**1. APPEAL AND ERROR: notice of appeal: failure to specify order appealed from.** This court is not disposed to apply this provision with rigid technicality, and where it appears that a final judgment has been entered, a notice of appeal stated in general terms may well be accepted as sufficient (*Augustine v. McDowell*, 120 Iowa 401; *Merrill v. Timbrell*, 123 Iowa 375); but where no final judgment is shown, and it is sought to appeal from some specific interlocutory order or ruling, we think the requirement of the statute above cited, that the notice shall define the part of the proceeding sought to be reviewed, should be observed. Turning to the argument for the appellant, we find it directed solely to the error assigned upon the ruling of the trial court overruling the motion to strike the amendment to the plaintiff's petition, a ruling or part of the proceedings not mentioned in the appeal notice; and we are disposed to hold that such notice is insufficient. See *Weiser v. Day Bros.*, 77 Iowa 25.

II. But if that point be waived, appellant is faced with the further serious question whether the ruling complained of is of an appealable character. The ruling may have been erroneous, but is not, therefore, necessarily appealable,

**2. APPEAL AND ERROR: non-appealable interlocutory order.** except as it would be reviewable upon an appeal from the final judgment. According to appellant's own showing, the action was still pending and undetermined in the trial court when the notice of appeal was served; and since that time, a final judgment has been rendered, from which no appeal has been taken. True, there are exceptional cases in which interlocutory rulings may be appealed from before final judgment (see Code Section 4101); but the order denying the motion to strike the amendment to the petition does not fall within any of the five classes of cases there specified, in which an interlocutory ruling is the subject of direct appeal. The action to which the defendant appeared was brought for the recovery of the value of a shipment of furs. The jurisdiction of the trial court to hear and determine that action is conceded. The filing of the amendment by which plaintiff sought to recover the value of other and different shipments in no manner involved the merits or ma-

terially affected the final decision of the issue which the parties had joined upon the first shipment. Whether the amendment was permitted to stand or was stricken out on defendant's motion made not the slightest difference in the rights of the parties or either of them, as related to the original claim set up by the plaintiff and contested by the defendant. As we have already said, the objection by defendant to allowing the amendment to be made may have been well taken, and the ruling thereon may have been an error of which appellant could take advantage on appeal from the final judgment; but it assuredly will not support an independent appeal without final judgment. *Allen v. Church,* 101 Iowa 116; *Eggert v. Interstate Inv. & Dev. Co.,* 146 Iowa 481; *Fairmont Cr. Co. v. Darger,* 178 Iowa 732; *Quinn v. Capital Ins. Co.,* 82 Iowa 550; *Walker v. Pumphrey,* 82 Iowa 487; *Jordan v. Henderson,* 19 Iowa 565.

III.  In argument to this court, counsel for appellant insists that the trial court was without jurisdiction to permit the amendment to the petition. A little reflection will make it clear that this objection is without merit. As we have repeatedly pointed out, that court concededly had jurisdiction to entertain the plaintiff's action as originally brought, and to hear and try the issues joined therein. As the court presiding at the trial, it had jurisdiction to settle the pleadings, thereby defining the issues to be tried; to permit or disallow amendments; to rule upon all objections raised by counsel; to strike or refuse to strike parts of petition, answer, or reply; to admit or exclude evidence; to charge the jury or direct a verdict; and to exercise any and all of the functions and powers which pertain to the orderly trial and disposition of the case. It was, of course, the right and privilege of counsel against whom any of these rulings were made to preserve exceptions thereto and urge them as grounds of reversal on appeal from the final judgment. In making such rulings, no matter how mistaken or erroneous, the court was still within its jurisdiction. The right to decide at all involves the right to make a wrong ruling,—a very comforting assurance to all courts. See *Stromme v. Rieck,* 110 Minn. 472 (125 N. W. 1021) ; *City of Winona v. Minnesota R. Con. Co.,* 25 Minn. 328.

This case does not call for any application of the statute

which, within certain limitations, permits a defendant to make special appearance by counsel, to object to the court's jurisdiction. Appellant does not rely on any special appearance to plead to the jurisdiction. It denies any appearance thereto at all, either general or special; and, as no service of original notice of the amendment is shown, it assumes that the trial court never acquired jurisdiction to give any effect to such amendment. But let us, for a moment, note the difficulty into which this contention leads. Appellant, in argument, asks us to note and keep in mind that it has never in any manner appeared to or recognized the amendment to the petition, and that its motion to strike was made in the case as it was originally brought, upon the claim for the lost shipment of furs, and *not* in what it chooses to call the "new suit" upon the alleged shipments of eggs. Assuming that this is true, then the error, if any, in permitting the amendment was an error committed in the action which the court admittedly had jurisdiction to try, and is reversible only upon appeal from the judgment entered upon that issue. No appeal from that judgment has been taken. See *State v. Georgia Co.,* 109 N. C. 310 (13 S. E. 861); *Parker v. Harden,* 122 N. C. 111 (28 S. E. 962); *School District v. Cooper,* 29 Neb. 433 (45 N. W. 618); *National Albany Exch. Bank v. Cargill,* 39 Minn. 477 (40 N. W. 570).

It may be true (we do not undertake to decide) that it was error to allow the amendment, and that the default and judgment which appellant says were obtained upon the claims stated in the amendment were erroneously entered. That question is not now before us.

For the reasons stated, we have no alternative but to dismiss the appeal.—*Appeal dismissed.*

All the justices concur.