PHILADELPHIA STORAGE BATTERY COMPANY v. ROBERT HAWLEY AND ANOTHER, ETC.[1]

January 26, 1923.

No. 23,223.

**Order not appealable.**

Appeal dismissed, because taken from an order relieving plaintiff of default and granting it leave to interpose a reply, made before trial of case. Such order is not appealable. [Reporter.]

Action in the district court for Hennepin county to recover $12,878.07 on trade acceptances. The answer alleged that the obligations described in the complaint had been fully paid and discharged. From an order, Molyneaux, J., granting plaintiff's motion for leave to file its reply to defendants' answer, defendants appealed. Appeal dismissed.

*Arthur M. Higgins*, for appellants.
*Rosenstein & Farley*, for respondent.

PER CURIAM.

Defendants appeal from an order permitting plaintiff to serve and file a reply to their answer, and insist that, in permitting the service of the reply some months after the expiration of the statutory time, the court abused the discretion conferred upon it by section 7786, G. S. 1913.

An order relieving a party from default and granting him leave to interpose an answer or reply, made after the entry of judgment, is appealable, as such orders cannot be reviewed on an appeal from the judgment. But such orders, made before judgment, are not appealable, for they may be reviewed on an appeal from the judgment and therefore are not final

[1]Reported in 191 N. W. 815.

upon the merits of the question involved. National A. Exch. Bank v. Cargill, 39 Minn. 477, 40 N. W. 570; Stromme v. Rieck, 110 Minn. 472, 125 N. W. 1021; Minneapolis Trust Co. v. Menage, 66 Minn. 447, 69 N. W. 224; Blied v. Barnard, 130 Minn. 534, 153 N. W. 305; Lovering v. Webb Pub. Co. 108 Minn. 201, 120 N. W. 688, 121 N. W. 911. The order in question having been made before the case was brought to trial is not appealable, and the appeal must be, and is, dismissed.