ROY JOSLIN, Appellee, v. CONTINENTAL & COMMERCIAL NATIONAL BANK OF CHICAGO et al., Appellants.

No. 40778.

OCTOBER 27, 1931.

James E. Remley and Wright Frazier, for appellant.

Clifford B. Paul, for appellee.

■ De Graff, J.—The answer in a single division pleaded matters which both parties construe to be an attempt to set up payment and estoppel. Plaintiff moved to strike portions of this answer. After the filing of motion to strike Niles & Watters Savings Bank amended setting up largely in different form the same matters. Plaintiff moved to strike from this amendment and also to strike the amendment as a whole. The first motion was largely sustained. No ruling was made upon the second. The record does not show that defendant either stood upon its answer or suffered judgment. Ordinarily an appeal will not lie from a ruling on motion to strike unless appellant has elected to stand upon his pleading or motion. In re Estate of Delaney, 207 Iowa 451; First Title & Securities Co. v. United States Gypsum Co., 211 Iowa 1019; Hawthorne v. Andrew, 208 Iowa 1364; Morrison v. Carroll Clinic, 204 Iowa 54.

■ On the record before us the defendant remains at perfect liberty to amend its answer and to proceed with its defense in the trial court. The cause is still there for all the purposes of its attempted defense. Any ruling that this Court might make would be academic and advisory. On the record presented here (there being no election to stand and no final judgment) the appeal attempted to be taken could be only from an order which this Court has no jurisdiction to review. Section 4139, Code Supplement, 1913, Forty-second G. A., Chapter 232, Code, 1927, Section 12885, has no application. In such circumstances though the opposing party fails to move for dismissal this Court will dismiss of its own motion. Baker v. American Railway Express Co., 207 Iowa 1350; Barber v. Shattuck ,207 Iowa 842; Porterfield v. Grand Lodge, 212 Iowa 1181.—Dismissed.

Faville, C. J., and Evans, Morling, Kindig, and Wagner, JJ., concur.