E. PHIPPS EBY, Appellee, v. NATHAN A. PHIPPS et al., Appellants.

No. 43926.

JANUARY 17, 1939. .

Maher & Meloy, D. R. Hankens, and Lew McDonald, for appellants.

J. F. Loughlin, for appellee.

OLIVER, J.—The petition alleged that the defendants, who were husband and wife and related to plaintiff, had fraudulently induced plaintiff to permit them to manage her business affairs and had managed the same for a number of years, that assets belonging to plaintiff had been turned over to the defendants for handling and investment and that defendants refused to return said property to plaintiff. An accounting and judgment were prayed.

Attached to the petition were six interrogatories addressed to the defendants, in which the defendants were asked to state (1) the date and the exact amount of money or property turned over to them by plaintiff, (2) of what said property consisted and where the same was kept, (3) a statement of disbursements for plaintiff itemized as to the dates, amounts, to whom paid and for what, (4) where and in whose name plaintiff's property was kept, (5) a statement of all investments itemized as to the amounts and kind, from whom purchased and for how much, and where and in whose name the same were kept, and (6) a statement of income from investments, from whom received, how disposed of, and in whose name kept.

The defendants filed exceptions to each interrogatory alleging that it did not state to which of the defendants it referred, that the information therein sought was immaterial and irrelevant, that each interrogatory was a "fishing expedition", and that plaintiff knew, or had been informed, of all the matters sought to be elicited by the answers to said interrogatories.

On March 4, 1936, the exceptions were overruled by the court and at the following term of court, and on April 29, 1936, defendants filed a motion to vacate the order of March 4, overruling said exceptions. Therein the defendants made reference to the objections made in their exceptions and also alleged that to compel them to answer said interrogatories would be oppressive, would require them to go back over a period of years where no records were available, would compel them to search for lost or destroyed records and to make up records on matters barred by limitations and laches, would compel them to assist in making

a case for plaintiff and join in plaintiff's fishing expedition, would be an invasion of the defendants' right to be secure in their papers and effects, and would contravene Article 4 and Section 1 of Article 14 of the Amendments to the Constitution of the United States, U. S. C. A., and Sections 1, 8 and 9 of Article I of the Constitution of Iowa. On May 21, 1936, the court overruled defendants' motion to vacate the order and from this ruling the defendants appeal.

At the outset we are faced with ·the question of the jurisdiction of this court to entertain the appeal. Although such right has not been challenged, the acquiescence or consent of the parties will not give this court jurisdiction not conferred by law. Where an unauthorized appeal has been taken it is the duty of the court, upon ascertaining the situation, to dismiss the appeal upon its own motion. Such jurisdiction is statutory only and additional jurisdiction cannot be conferred by consent or agreement of parties to litigation. Groves v. Richmond, 58 Iowa 54, 12 N. W. 80; Sioux Falls Broadcasting Association v. Henry Field Co., 224 Iowa 655, 277 N. W. 284; Hampton v. Des Moines & Central Iowa Ry. Co., 216 Iowa 640, 249 N. W. 436; City of Marion v. Nat. Loan & Inv. Co., 122 Iowa 629, 98 N. W. 488.

The only effect of the questioned order of the district court was to overrule objections and exceptions to interrogatories attached to plaintiff's petition. It was not an order from which an appeal would lie under the provisions of Section 12823 Code of Iowa 1935. In the case of State v. Arns, 72 Iowa 555, 34 N. W. 329, an appeal taken from a ruling sustaining exceptions to interrogatories attached to an answer was dismissed and it was held that there was no appeal from rulings of this character. This holding was cited with approval in Scott v. Seabury, 216 Iowa 1214, 250 N. W. 468, and in other cases.

To the same effect are decisions in Cook & Wheeler v. Railway Co., 75 Iowa 169, 39 N. W. 253, and Devier v. Life Association, 106 Iowa 682, 77 N. W. 454, upon appeals from orders requiring the production of books and papers. The case of Winneshiek County State Bank v. District Court, 203 Iowa 1277, 212 N. W. 391, was a certiorari proceeding to review a district court ruling requiring a plaintiff to answer interrogatories attached to defendant's answer. In that case there was a majority. and dissenting opinion both of which exhaustively discussed the

authorities and principle involved but both opinions agreed that in such case a direct appeal from the ruling of the district court would not lie. This has been the position adopted by the court in other cases and no Iowa cases holding to the contrary have come to our attention. We must, therefore, hold that this court is without jurisdiction to consider this appeal and the same is hereby dismissed.—Dismissed.

Chief Justice and all Justices concur.