BLAINE CROWELL, Appellant, v. HOME MUTUAL INSURANCE COMPANY OF IOWA, Appellee.

No. 46258.

JUNE 15, 1943.

W. G. Henke and R. W. Zastrow, both of Charles City, for appellant.

Paul W. Steward and Herschel G. Langdon, both of Des Moines, and Larson & Carr, of Charles City, for appellee.

OLIVER, J.—This action was instituted against Home Mutual Insurance Company of Iowa, successor to Home Mutual Insurance Association of Iowa, upon a policy of automobile-liability insurance, issued in March 1935, to Earl Demo, by said association. Plaintiff's petition alleges: In 1935, plaintiff was injured while riding with Demo in the automobile covered by the policy; subsequently plaintiff recovered judgment against Demo for damages on account of said injury; upon appeal the judgment was affirmed; execution issued against Demo and was returned unsatisfied; the provisions of the policy require the in-

surer to pay any such judgment, within its limits. Judgment against defendant is prayed for the amount of the judgment against Demo, with interest and costs.

The answer is in 6 divisions: (1) general denial (2) that the policy was issued under the powers given the association by chapter 406, Code of Iowa, 1931, particularly Code section 9029, and plaintiff has no right to maintain the pleaded action under the policy and the law then in effect (3) that the policy is a contract of indemnity under the provisions of which, as well as the statutes then in effect, plaintiff is not entitled to recover (4) that fraudulent concealment and misrepresentation by Demo of material facts or his false testimony bars recovery by plaintiff (5) that Demo's failure to co-operate with the insurer rendered the policy void (6) that the action is barred by a one-year limitation in the policy.

Plaintiff moved to strike the principal paragraph of said division 2 and divisions 3, 4, 5, and 6. The motion was divided into paragraphs, each of which was addressed to a separate division of the answer. This appeal is from the order overruling said motion.

The motion asserts said paragraph of division 2 is incompetent, irrelevant, and immaterial, a conclusion of law and fact, and not an ultimate statement of fact, and redundant. This ground of the motion assails the form of the pleading and not the sufficiency of the matters pleaded to constitute a defense, if established.

The grounds of the motion addressed to divisions 3, 5, and 6 are similar to the foregoing, and likewise do not assail the legal sufficiency of the matters pleaded to constitute a defense.

As to division 4, the motion asserts "no fraud or damage was shown to the defendant and that the same does not state a defense."

Appellant's written argument states only:

"This raises the question where fraud is attempted to be pleaded whether it is subject to a motion to strike or must the plaintiff move for more specific statement. The appellant concedes that there is probably sufficient pleading in Division 4 to raise a question of fraud to the jury."

In view of the said concession, this ground of the motion may not be considered as assailing the legal sufficiency of the matters pleaded in division 4 to constitute a defense.

From the foregoing discussion it appears clear that the order overruling the motion does not involve the merits or materially affect the final decision. Therefore, subsection 4 of section 12823, Code of Iowa, 1939, is not applicable. Nor is the order one which "in effect, determines the action and prevents a judgment from which an appeal might be taken" within the purview of subsection 1 of Code section 12823.

Morrison v. Carroll Clinic, 204 Iowa 54, 56, 214 N. W. 705, 706, states:

"In general, an order overruling a motion to strike is not appealable. * * *

"In so far as the motion was directed to allegations claimed to be immaterial, redundant, or legal conclusions, the order overruling it was clearly not appealable."

In Commercial Credit Corporation v. Interstate Finance Corporation, 233 Iowa 375, .9 N. W. 2d 369, we recently held an order overruling a motion to strike certain defenses was not appealable. Some other authorities are, Dorman v. Credit Reference & Reporting Co., 213 Iowa 1016, 241 N. W. 436; In re Estate of Bannon, 225 Iowa 839, 282 N. W. 287; Crum v. Emmett, 191 Iowa 797, 183 N. W. 383.

Here there are no circumstances which would take the appeal out of the general rule. The appeal is from an interlocutory and intermediate order which is not reviewable upon appeal from said order alone. In such cases this court will dismiss upon its own motion. Joslin v. Continental & Commercial Nat. Bk., 213 Iowa 107, 238 N. W. 715; Eby v. Phipps, 225 Iowa 1328, 283 N. W. 423.—Appeal dismissed.

All JUSTICES concur.