[File No. 7144]

E. C. FERGUSON, Appellant, v. ELIZABETH JENSEN, formerly Elizabeth Erickson, and John Jensen, her husband, Respondents

(38 NW2d 560)

Opinion filed July 9, 1949. Rehearing denied August 9, 1949.

*Olaf Braatelien,* for appellant.

*E. A. Tannas,* for respondent.

Per CURIAM. This is an appeal from an order denying plaintiff's motion to strike out certain paragraphs of defendants' counterclaim. The order sought to be reviewed is not appealable and the appeal must be dismissed. Interlocutory orders are appealable only as made so by statute. Ostlund v. Ecklund, 42 ND 83, 171 NW 857; Wall v. First Nat. Bank, 49 ND 703, 193 NW 51; Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co. 51 ND 745, 200 NW 1013; 3 CJ 488, § 316; 4 CJS 226.

Section 28–2702, ND Rev Code 1943, provides what orders may be reviewed on appeal to the supreme court. This section reads:

"28–2702. The following orders when made by the court may be carried to the supreme court:

1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–2204, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

It is plain that an order denying a motion to strike a part of a counterclaim does not come within any of the provisions of said § 28–2702, supra, unless it can be said that it "involves the merits of an action or some part thereof." But the order does not involve the "merits of the action or some part thereof" as that term has been construed by the decisions of this court and by the courts of other states construing similar provisions.

See Bolton v. Donavan, 9 ND 575, 84 NW 357; Stimson v. Stimson, 30 ND 78, 152 NW 132; Holobuck v. Schaffner, 30 ND 344, 152 NW 660; Kennelly v. Northern P. R. Co. 41 ND 395, 170 NW 868; Ostlund v. Ecklund, 42 ND 83, 171 NW 857, supra; Gulbro v. Roberts, 43 ND 455, 175 NW 616; Wall v. First Nat. Bank of Crosby, 49 ND 703, 193 NW 51, supra; Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co. 51 ND 745, 200 NW 1013, supra; West Branch Pants Co. v. Gordon, 51 ND 742, 200 NW 908; Baird v. Lefor, 52 ND 155, 201 NW 997, 38 ALR 807; Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360; Burdick v. Mann, 59 ND 611, 231 NW 545; McKivergin v. Atwood, 63 ND 73, 246 NW 41; Smith v. Smith, 71 ND 110, 299 NW 693; Schutt v. Federal Land Bank, 71 ND 640, 3 NW2d 417; Swiggum v. Valley Invest. Co. et al. 73 ND 422, 15 NW2d 862; La Plante v. Implement Dealers' Mut. Fire Ins. Co. 73 ND 159, 12 NW2d 630; Schillerstrom v. Schillerstrom, 74 ND 761, 24 NW2d 734; Rice v. First Div. St. Paul & P. R. Co. 24 Minn 444; Exley v. Berryhill, 36 Minn 117, 30 NW 436; National Albany Exch. Bank v. Cargill, et al. 39 Minn 477, 40 NW 570; Minneapolis Trust Co. v. Menage, et al. 66 Minn 447, 69 NW 224; Floody v. Chicago, St. P. M. & O. R. Co. 104 Minn 132, 116 NW 111; Wade et al. v. Citizens State Bank of St. Paul, 158 Minn 231, 197 NW 277; Lowe v. Nixon et al. 170 Minn 391, 212 NW 896; Morrisson v. Carroll Clinic, 204 Iowa 54, 57, 214 NW 705, 706; Joslin v. Continental & Commercial Nat. Bank of Chicago et al. 213 Iowa 107, 238 NW 715; Eby v. Phipps, 225 Iowa 1328, 283 NW 423; Crowell v. Home Mut. Ins. Co. of Iowa, 233 Iowa 531, 10 NW2d 69; Seeling v. Deposit Bank & Trust Co. 176 Minn 11, 222 NW 295. See also 3 CJ 488 and 4 CJS 226.

The Supreme Court of Minnesota has held that an order striking out a pleading or a material part thereof is appealable as an order involving the merits of the action or some part thereof, but that an order denying a motion to strike a pleading or a part thereof is not appealable as an order involving the merits of the action or some part thereof. Floody v. Chicago, St. P. M. & O. R. Co. 104 Minn 132; 116 NW 111, supra; National

Albany Exch. Bank v. Cargill, supra. The court pointed out that where a pleading or a material portion thereof is stricken out the order disposes finally of the rights of the parties so far as the same are dependent on the pleading or the allegations that have been stricken but that where the motion to strike is denied the rights of the parties are not finally determined; that the order denying the motion to strike leaves the allegations of the pleading to stand and to have such effect on the rights of the parties as the court may on the trial determine, and that any question involving such rights may be reviewed on an appeal from the judgment or from an order denying a new trial. Seeling v. Deposit Bank and Trust Co. (Minn) supra. See also National Albany Exch. Bank v. Cargill, 39 Minn 477, 40 NW 570, supra, and Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360, supra.

In Minneapolis Trust Co. v. Menage, et al., supra, the Supreme Court of Minnesota held that an order denying a motion to strike out objections filed to the allowance of the account of a trustee was not appealable as an order involving the "merits of an action or some part thereof." In its opinion the court said:

"The order does not involve 'the merits of the action,' as that term has been construed by the repeated decisions of this court, nor is it a final order affecting a substantial right in a special proceeding. It does not put an end to the proceedings. The defendant was called into court to show cause why the account should not be allowed, and, while his list of objections is not strictly an answer, yet for all practical purposes it is such. The order appealed from was, in effect, one denying a motion to strike out the defendant's answer, and to dismiss his defense. Now, no appeal lies from an order refusing to strike out an answer or pleading, because it is not decisive of the question involved, or of some strictly legal right of the party appealing. An order which leaves the point involved still pending before the court, and undetermined, does not involve the merits. Bank v. Cargill, 39 Minn 477, 40 NW 570; Exley v. Berryhill, 36 Minn 117, 30 NW 436. On the same principle, no appeal lies from an order denying a motion for judgment on the

pleadings. McMahon v. Davidson, 12 Minn 366 (Gil 232)." 66 Minn 448, 449, 69 NW 224, 225.

In Seeling v. Deposit Bank and Trust Company, supra, the Supreme Court of Minnesota held that an order permitting the defendants to pay money into court and directing substitution of another party as defendant was not appealable under the provision of the statute allowing appeal "from an order involving the merits of the action or some part thereof." In the opinion in the case the court said:

"As orders affecting the merits are ordinarily reviewable upon an appeal from the judgment, or from an order denying a new trial, this provision is strictly construed to avoid unnecessary delays and inconclusive appeals. An order is not appealable under this provision unless, in effect, it finally determines the action, or finally determines some positive legal right of the appellant relating thereto. I Dunnell Minn Dig (2d ed) § 298, and cases cited. Plaintiff and the Iron Works both claim the same money now in the hands of the bank. The bank concedes that the entire amount belongs to one or the other, and is ready and willing to pay it to whichever claimant is entitled to it. The order in question permits the bank to pay the money into court, and, in effect, directs that the two claimants litigate their respective claims to it in an action between themselves. The order does not finally determine any positive or substantial legal right of the plaintiffs, and any question involving such rights may be reviewed on an appeal from the judgment or from an order denying a new trial." Seeling v. Deposit Bank and Trust Co. 176 Minn 13, 14, 222 NW 295, 296.

In Ostlund v. Ecklund, supra, this court held that an order refusing to require a party to give security for costs is not appealable as an order which involves the merits of an action or some part thereof. In the opinion in the case this court said:

"We are of the opinion that the order sought to be reviewed on this appeal does not involve the merits of an action, or any part thereof. It was merely an interlocutory order. It left the rights of the parties upon the merits of the matter entirely unadjudicated. It did not in any manner interfere with or

impede appellant's right or means of presenting her side of the controversy. So far as the merits of the controversy are concerned, it is not before us, but still remains pending in the court below." 42 ND at p 86, 171 NW 857.

In Torgerson v. Minneapolis St. P. & S. Ste. M. R. Co. 51 ND 745, 200 NW 1013, supra, this court held that an order denying a motion to strike a pleading from the files does not involve the merits of the action or some part thereof within the meaning of the statute allowing an appeal from such orders.

The ruling in the Torgerson Case is directly applicable and is decisive of the case. This appeal is from an order which clearly is unappealable. In such cases no question is presented for determination, and "the court will dismiss the appeal on its own motion, whether the point is raised by counsel for the appellee or not." Kennelly v. Northern P. R. Co. 41 ND 395, 170 NW 868, supra; National Bank of Commerce v. Jury, 48 SD 467, 204 NW 945; Downs v. Bruce Independent School Dist. 52 SD 168, 216 NW 949; Joslin v. Continental & Commercial Nat. Bank, 213 Iowa 107, 238 NW 715, supra; Eby v. Phipps, 225 Iowa 1328, 283 NW 423, supra; Crowell v. Home Mut. Ins. Co. of Iowa, 233 Iowa 531, 10 NW2d 69, supra.

Appeal dismissed.

NUESSLE, Ch. J., CHRISTIANSON, MORRIS and BURKE, JJ., and BRODERICK, District J., concur.

BURR, J., did not participate.