**STATE of Iowa, Appellee,**

v.

**Robert Joseph HOFFER, Appellant.**

**No. 54996.**

Supreme Court of Iowa.

May 11, 1972.

Edward D. McCoy, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., for appellee.

McCORMICK, Justice.

Defendant was convicted by jury and sentenced for operating a motor vehicle while his operator's license was suspended in violation of § 321A.32(1), The Code. The decisive issue is sufficiency of the evidence for jury submission of the element of license suspension at the time of the driving. We reverse.

Since defendant was convicted by jury we accept as established for purposes of review all reasonable inferences supporting the verdict, and it stands unless unsupported by substantial evidence. State v. Jennings, 195 N.W.2d 351, 357 (Iowa 1972).

The jury could find defendant drove an automobile on a Waterloo street at about

7:00 p. m. October 13, 1970, was stopped by police for a faulty headlight, and had no driver's license in his possession although he claimed he was licensed. There was also evidence of service of Department of Public Safety notice upon defendant March 19, 1970, telling him that effective April 19, 1970, his driving privilege was suspended for 90 days under Code § 321.210(3) (for habitual violation). The notice added:

> "Effective [a]t expiration of above suspension your privileges to *operate* motor vehicles will remain suspended in accordance with the provisions of Section 321A.17, Code of Iowa, until such time as you post proof of financial responsibility."

The methods of proving financial responsibility are prescribed in § 321A.18, The Code. Since the first suspension period expired July 18, 1970, the issue at trial was whether defendant's license remained suspended for failure to prove financial responsibility at the time of his October 13, 1970, driving.

One police officer testified for the State over proper hearsay objection after the arrest, "We had the station check with Des Moines * * *. The teletype came back that this Mr. Hoffer was under suspension." Another later testified similarly without objection.

Defendant's motion for directed verdict was overruled. He presented no evidence.

Two questions must now be considered: (1) What probative value can be given the testimony about the teletype message? (2) Was there sufficient evidence to support jury submission of the license suspension element?

■ I. Defendant claims the teletype message evidence was inadmissible. The State contends it escapes hearsay classification because offered and received only to show police procedure and reason for subsequently arresting defendant and not to establish the truth of the message. This is a concession the message evidence from both officers is not proof defendant's license was suspended on the occasion involved, and the State is thereby bound. Evans v. Herbranson, 241 Iowa 268, 279, 41 N.W.2d 113 (1950); Crowell v. Home Mut. Ins. Co., 233 Iowa 531, 533, 10 N.W. 2d 69 (1943); Liberty Oil Co. v. Polk, 193 Iowa 146, 150, 185 N.W. 10 (1921); Benson & Marxer v. Reger, 186 Iowa 19, 25, 26–27, 168 N.W. 881 (1918), 172 N.W. 166 (1919) (supplemental opinion). What the message said has no probative value on the issue of license suspension.

■ Whether the evidence was inadmissible does not affect determination of this appeal, but we believe the trial court erred in overruling defendant's one objection to it. Neither of the asserted purposes for the offer justifies admitting what someone in Des Moines purportedly said out of court by teletype to the Waterloo police subsequent to the driving incident. In the circumstances shown it was plainly inadmissible hearsay. See In re Delaney, 185 N.W.2d 726, 730 (Iowa 1971); State v. Grady, 183 N.W.2d 707, 712 (Iowa 1971). Cf. Crane v. Cedar Rapids and Iowa City Ry., 160 N.W.2d 838, 845–846 (Iowa 1968), aff'd 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed. 2d 176 (1969).

■ II. The State had the burden of proving defendant's license was suspended under § 321A.17, The Code, on October 13, 1970. Its claim of evidence sufficiency rests entirely on the March 19, 1970, notice and absence of license in defendant's possession at the time he was stopped. It is as reasonable to believe defendant may have tolled the suspension by proving financial responsibility as not.

Evidence " * * * must be sufficient to raise a fair inference of guilt. It must do more than raise a suspicion, speculation or conjecture." State v. Williams, 179 N. W.2d 756, 758 (Iowa 1970). Where, as here, circumstantial evidence is relied on, the test is whether " * * * it is sufficient to allow the jury to find every ra-

tional hypothesis of innocence has been negatived * * *." State v. Daves, 259 Iowa 584, 591, 144 N.W.2d 879, 884 (1966).

The evidence was insufficient for jury consideration of this element. Proof defendant's license might have been suspended at the time does not support a finding it was. The motion for directed verdict should have been sustained. Defendant's additional claims are moot.

Reversed.

All Justices concur.